CITY OF WILLOUGHBY, APPELLEE, *v.* LUKEHART, APPELLANT.

(No. 11-203—Decided May 12, 1987.)

*Richard J. Perez,* prosecuting attorney, for appellee.

*Purola & Savage* and *Stewart W. Savage,* for appellant.

CASTLE, J., This appeal arises from defendant-appellant's conviction in the Willoughby Municipal Court for disorderly conduct. The jury at her trial returned a not guilty verdict to the charges of resisting arrest and aggravated disorderly conduct, but returned a guilty verdict on the lesser-included offense of disorderly conduct. The trial occurred on September 18, 1984. Thereafter, the judge referred the case to the probation department for the preparation of a presentence investigation report.

On June 7, 1985, appellant, Robin C. Lukehart, filed a civil rights lawsuit against the city of Willoughby and the arresting officer alleging, *inter alia,* that she had been physically abused at the time of her arrest. It was during the research of this allegation that the city's law director discovered that appellant had never been sentenced for her conviction of disorderly conduct, and apprised the trial judge of this omission.

On October 3, 1985, the court sentenced appellant to a fine of $35 plus court costs, the court, in its journal entry, finding that the delay between conviction and sentence was not excessive, purposeful, or oppressive, and that the court retained jurisdiction of the matter to impose sentence. Appellant thereafter timely filed this appeal.

For her sole assignment of error, appellant states:

"An unjustified and substantial delay between a finding of guilt and sentencing deprives the court of jurisdiction to sentence."

Appellant argues the sixteen-month delay from June 7, 1984, to October 3, 1985 (the time from arrest to sentencing) and the delay from the finding of guilt to the finalization of her case were unreasonably excessive and in violation of Crim. R. 32(A)(1) and of M.C. Sup. R. 5(C). Therefore, appellant argues, the sentencing court lost its jurisdiction over the matter.

Appellee, on the other hand, argues that jurisdiction was not lost because of the delay. Citing *Neal* v. *Maxwell* (1963), 175 Ohio St. 201, 24 O.O. 2d 281, 192 N.E. 2d 782, the appellee argues that a delay of twelve months between conviction and sentencing is not unreasonable and does not divest the court of jurisdiction to sentence a defendant.

For the following reasons, this court finds that the appellant's assignment of error is well-taken.

In *Neal* v. *Maxwell, supra,* the Supreme Court of Ohio ruled that the deferring of the pronouncement of sentence on a conviction for ten months until trial is had on other indictments pending against an accused does not constitute an unreasonable delay. That case does not discuss, however, a lengthy delay between trial and sentencing where there appears to be no proper purpose for the delay.

Under Crim. R. 32(A)(1), a sentence shall be imposed without unnecessary delay. Under M.C. Sup. R. 5(C) the court shall impose sentence within fifteen days of a guilty verdict or within fifteen days of receipt of a completed presentence report.

76

In the trial court below, the matter was referred to the probation department for the preparation of a presentence report, but the record does not reveal that a report was ever made. The sentence was not imposed within fifteen days of the finding of guilt or within fifteen days of the receipt of a completed probation report. Nor was the sentence imposed without unnecessary delay, considering that the record from below revealed no substantive reason for the lengthy delay or failure of the probation department to ever submit a completed report.

We find that the unjustified and lengthy delay deprived the trial court of jurisdiction to impose a sentence against appellant. This judgment as to the sentence in the trial court is reversed, and the cause is remanded to that court for further proceedings not inconsistent with this decision.

*Judgment reversed.*

O'NEILL, P.J., and CRAWFORD, J., concur.

O'NEILL, P.J., of the Seventh Appellate District, CASTLE, J., retired, of the Twelfth Appellate District, and CRAWFORD, J., of the Court of Common Pleas of Franklin County, sitting by assignment in the Eleventh Appellate District.