**CITY OF WARREN, Appellee,**

v.

**ROSS, Appellant.**

[Cite as *Warren v. Ross* (1996), 116 Ohio App.3d 275.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96–T–5386.

Decided Dec. 2, 1996.

*Daniel A. Thomas,* Warren City Prosecutor, for appellee.

*Robert F. Burkey,* for appellant.

JOSEPH E. MAHONEY, Judge.

In the afternoon of October 31, 1989, defendant-appellant, Gregory Ross, was involved in a motor vehicle accident while traveling on North Road in Warren, Ohio. Appellant's vehicle went left of center and struck a vehicle traveling in the opposite direction. As a result of this head-on collision, the driver of the other vehicle, Martha Torrora, was killed. Appellant, also injured in the crash, was transported to a hospital, where, at the request of the Warren City Police

Department, a blood test was given. Appellant's blood tested at .21 mg/dl of ethanol alcohol, more than twice the legal limit in Ohio. Appellant was subsequently charged with vehicular homicide in violation of R.C. 2903.07. The complaint alleged that appellant was under the influence of alcohol at the time of the offense.

On November 7, 1990, appellant, following the plea of no contest, was convicted of vehicular homicide and was sentenced to ninety days in jail, an additional sixty days in a workhouse program, fined $1,000 plus costs, and placed on two years' probation. The trial court's judgment entry stated that upon completion of appellant's sentence, it would then pass sentence as to appellant's driver's license. A journal entry dated April 5, 1991 stated that a hearing on appellant's driving rights would "come about no later than thirty days from this date." The docket of the trial court reflects this entry and, on April 15, 1991, notes the following: "Reset for hearing on License susp[ension] within 20 days." While a hearing notice was sent out for April 30, 1991, no hearing was held, and the record is silent as to the reason.

On November 1, 1995, the state of Ohio filed a document entitled "Writ of Mandamus" with the Warren Municipal Court requesting that the trial court permanently revoke appellant's driver's license.[1] The state noted that, pursuant to R.C. 2903.07, the trial court must permanently revoke an offender's driver's license if the trier of fact determines that the offender was under the influence of alcohol at the time the accident causing the vehicular homicide occurred. A hearing was held on the state's request on December 22, 1995, wherein the trial court ordered the Ohio Bureau of Motor Vehicles to permanently suspend appellant's driver's license. This order was journalized on December 29, 1995.

From this judgment, appellant has filed a timely appeal and now presents the following three assignments of error:

---

1. The purpose of a writ of mandamus is to command "the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. The only courts that have the power to issue a writ of mandamus are the court of common pleas, court of appeals, and the Supreme Court of Ohio. R.C. 2731.02. Because a municipal court does not have jurisdiction to issue a writ of mandamus, appellee's writ was improperly filed with the Warren Municipal Court.

   Additionally, R.C. 2731.04 states that a petition for a writ of mandamus must be brought "in the name of the state on the relation of the person applying." *Maloney v. Allen County Court of Common Pleas* (1962), 173 Ohio St. 226, 19 O.O.2d 45, 181 N.E.2d 270; *Ort v. Hutchinson* (1961), 114 Ohio App. 251, 19 O.O.2d 159, 181 N.E.2d 807. Moreover, it is essential that there be a respondent. In the case *sub judice,* the defendant is listed as the respondent. However, it is clear that the Warren Municipal Court is the respondent since the city of Warren sought an order for the trial court to suspend appellant's driver's license.

   Despite the procedural defects in appellant's "Writ of Mandamus," any errors caused by these defects are rendered harmless in light of our holding on appellant's second assignment of error.

"1. The trial court erred in ruling on a motion for a writ of mandamus when the trial court lacked jurisdiction.

"2. The trial court erred in sentencing defendant five years after his conviction.

"3. Suspension of the defendant's driver's license is a violation of his constitutional rights."

As appellant's second assignment of error is dispositive of this appeal, we will address it first.

Appellant, in his second assignment of error, argues that the trial court was without jurisdiction to revoke appellant's driver's license because of the roughly five-year delay between his conviction for vehicular homicide and the trial court's order permanently revoking his license. We agree.

In *Willoughby v. Lukehart* (1987), 39 Ohio App.3d 74, 529 N.E.2d 206, this court held that an unjustified and lengthy delay deprived a trial court of jurisdiction to impose a sentence against a defendant. *Id.* at 76, 529 N.E.2d at 207. In *Lukehart,* the trial court delayed, for no apparent reason, the imposition of sentence for over a year following a defendant's conviction for disorderly conduct. In holding that the unnecessary delay divested the trial court of jurisdiction to impose its sentence, this court relied upon Crim.R. 32(A)(1), which provides: "Sentence shall be imposed without unnecessary delay." See, also, *Warren v. Potts* (Dec. 22, 1995), 95–T–5216, unreported, 1995 WL 815480 (following *Lukehart* in holding that a six-month delay was unreasonable in sentencing a defendant).

In the case *sub judice,* more than *four* years passed from the time appellant was convicted for vehicular homicide to the time the trial court attempted to permanently revoke appellant's license. Additionally, the record in this case fails to provide any reason whatsoever for this delay. Consequently, pursuant to Crim.R. 32(A)(1) and our decision in *Lukehart,* we hold that the trial court lost its jurisdiction to further sentence appellant and permanently revoke his driver's license. Accordingly, appellant's second assignment of error has merit.

Based on this court's determination of appellant's second assignment of error, appellant's remaining assignments of error are rendered moot.

As appellant's second assignment of error has merit, we reverse the judgment of the trial court and remand for the Warren Municipal Court to take necessary action for reinstating appellant's driver's license, if appellant is otherwise eligible.

*Judgment affirmed.*

CHRISTLEY, P.J., and NADER, J., concur.