The STATE of Ohio, Appellee

v.

BROWN, Appellant.

[Cite as *State v. Brown,* 152 Ohio App.3d 8, 2003-Ohio-1218.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 01 CO 26.

Decided March 11, 2003.

Robert Herron, Columbiana County Prosecuting Attorney, and Tammie M. Jones, Assistant Prosecuting Attorney, for appellee.

George A. Gbur, for appellant.

---

WAITE, Presiding Judge.

{¶ 1} This is an appeal of appellant Kenneth Brown Jr.'s sentence in the Columbiana County Court of Common Pleas arising from a guilty plea to one count of complicity in felonious assault. Appellant argues that the court delayed almost three years before sentencing him and that this delay divested the court of jurisdiction to render a sentence. Based on the record, the delay in sentencing cannot be attributed to appellant and is otherwise unexplained. Therefore, appellant's argument is correct, and the sentence is reversed.

{¶ 2} On January 15, 1998, appellant was indicted by the Columbiana County Grand Jury on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a first-degree felony, and one count of complicity in felonious assault, in violation of R.C. 2903.11(A)(1) and 2923.03(A)(2), a first-degree felony.

{¶ 3} On May 15, 1998, appellant entered a guilty plea to the charge of complicity in aggravated robbery, in violation of R.C. 2911.01(A)(1) and 2923.03(A)(2), a first-degree felony. Judge Douglas C. Jenkins of the Columbiana County Court of Common Pleas accepted the guilty plea on May 15, 1998.

{¶ 4} The sentencing hearing was scheduled for July 23, 1998. Sometime prior to sentencing, appellant was arrested and detained in Jefferson County based on a request for extradition to Colorado to face criminal charges in that state. An extradition hearing was held before Judge Joseph J. Bruzzese of the Jefferson County Court of Common Pleas. Appellant told the court that he wished to waive the right to have formal extradition proceedings but that he was scheduled to be sentenced in Columbiana County. Judge Bruzzese told appel-

lant: "We'll get ahold of Judge Jenkins and tell them you'll be out of here shortly and see what he wants to do." There is no indication that appellant was represented by counsel at this extradition hearing. There is no written waiver of extradition in the record.

{¶ 5}  Judge Jenkins conducted the July 23, 1998 sentencing hearing without appellant, noting in his judgment entry that appellant did not appear because he was incarcerated in Colorado. The court did not impose a sentence, but, rather, ordered the Columbiana County Sheriff to retrieve appellant from the state of Colorado to Columbiana County so that appellant could attend a sentencing hearing on August 27, 1998.

{¶ 6}  On August 7, 1998, Judge Jenkins ordered a bench warrant seeking appellant's arrest for failure to appear at the July 23, 1998 hearing. The judgment entry stated: "The Warrant will facilitate the Defendant's return by the Columbiana County Sheriff's Department from the El Paso County Criminal Justice Center, Metro Jail, 2739 E. Las Vegas, Colorado Springs, CO 80906 for sentencing."

{¶ 7}  The record reveals that appellant was not returned to Ohio for sentencing. The record reflects that appellant was sentenced by the Colorado court system on one count of complicity in burglary in 1999, but there is no indication in the file as to the length of that sentence.

{¶ 8}  On March 31, 2000, appellant filed a motion to dismiss the Ohio charges based on the delay in sentencing.

{¶ 9}  On May 5, 2000, Judge Jenkins filed an entry stating that "the State of Ohio has one (1) year from March 31, 2000, in accordance with statute, to return the defendant for purposes of sentencing or the above motion of defendant may be granted by the Court."

{¶ 10}  On May 16, 2001, an agreed judgment entry was filed that allowed the parties to conduct the sentencing hearing by using videoconferencing equipment in lieu of transporting appellant from Colorado. The sentencing hearing took place on June 5, 2001.

{¶ 11}  The following day, the Columbiana County Court of Common Pleas sentenced appellant to six years in prison to run concurrently with the sentence appellant was serving in Colorado. The court also ordered appellant to make restitution in the amount of $1,374.

{¶ 12}  On June 28, 2001, appellant filed a pro-se notice of appeal. Appellant filed a similar notice on June 29, 2001, requesting the court to also appoint appellate counsel.

{¶ 13}  Appellant's sole assignment of error argues:

{¶ 14} "Divested of jurisdiction, trial court erred in failing to dismiss prosecution's case given unreasonable delay in sentencing appellant for felony charge that he pled to more than three years earlier."

{¶ 15} Appellant's basic argument is that more than three years elapsed between the time he pleaded guilty until the time he was sentenced and that this delay divested the trial court of jurisdiction to render any sentence. Appellant cites two relevant cases to support this argument: *Warren v. Ross* (1996), 116 Ohio App.3d 275, 688 N.E.2d 3, and *Willoughby v. Lukehart* (1987), 39 Ohio App.3d 74, 529 N.E.2d 206. Both of these cases are from the Eleventh District Court of Appeals. *Ross* held that the Warren Municipal Court lost jurisdiction to impose a license suspension after an unexplained four-year delay in imposing the sentence. Id. at 277, 688 N.E.2d 3. *Ross* based its decision, in part, on Crim.R. 32(A), which states: "Sentence shall be imposed without unnecessary delay. * * *" *Ross* also based its holding on its previous decision in *Lukehart*, supra.

{¶ 16} *Lukehart* reversed a sentence that was imposed after an unexplained delay of thirteen months. *Lukehart* based its decision in part on former M.C.Sup.R. 5(C), now Sup.R. 39(B)(4), which states:

{¶ 17} "Sentencing. Provided the defendant in a criminal case is available, *the court shall impose sentence or hold a sentencing hearing with all parties present within fifteen days of the verdict or finding of guilt* or receipt of a completed pre-sentence investigation report. Any failure to meet this time standard shall be reported to the administrative judge, who shall take the necessary corrective action. In a single judge division, the failure shall be reported by the judge to the Court Statistical Reporting Section, which shall refer the matter to the Chief Justice for corrective action." (Emphasis added.)

{¶ 18} Although the *Lukehart* decision acknowledged that a reasonable delay in sentencing would not result in a reversal of the sentence, it held that an unjustified lengthy delay in sentencing "deprived the trial court of jurisdiction to impose a sentence * * *." Id. at 76, 529 N.E.2d 206.

{¶ 19} Although not cited by appellant, the Tenth District Court of Appeals in *State v. Tucker* (May 2, 1989), 10th Dist. No. 88AP–550, 1989 WL 47102, held that it was unreasonable to delay sentencing for seven months without any additional reasonable justification, even though the defendant failed to appear at a sentencing hearing.

{¶ 20} The cases cited above rely on an inference made in *Neal v. Maxwell* (1963), 175 Ohio St. 201, 24 O.O.2d 281, 192 N.E.2d 782, that an unreasonable delay in sentencing could invalidate the sentence: "It is well established that the time of pronouncing sentence is within the discretion of the trial court, and a delay for a reasonable time does not invalidate the sentence."

12

Id. at 202, 24 O.O.2d 281, 192 N.E.2d 782. Thus, since *Neal* stands for the proposition that a reasonable delay does not invalidate a sentence, we must infer that an unreasonable delay does invalidate a sentence. The appellate courts which have dealt with this issue, including the cases previously cited, have uniformly concluded that any delay in sentencing must be reasonable in order to be valid. See, also, *State v. Barklay* (Mar. 15, 1996), 2d Dist. No. 95 CA 70, 1996 WL 111804; *State v. Dorler* (Apr. 9, 1992), 8th Dist. No. 60023, 1992 WL 74223.

{¶ 21} The reasons appellee presents to justify the delay in sentencing in the instant case are (1) appellant waived formal extradition and voluntarily allowed himself to be extradited to Colorado, and (2) the Interstate Agreement on Detainers ("IAD") did not apply to this case. Neither of these reasons justifies the delay in sentencing in this case.

{¶ 22} First, the record does not reflect that appellant waived formal extradition proceedings. A waiver of extradition must be in writing and must be executed or subscribed in the presence of a judge in open court. R.C. 2963.24. The record does not contain anything that fits the description of a waiver of extradition as described in R.C. 2963.24. While the record shows that appellant asked the Jefferson County Court of Common Pleas whether he could be transported to Colorado, he made it clear that he did not want this to affect his pending criminal case in Columbiana County. Appellant's mere inquiry about whether he could be moved to Colorado cannot be equated with an official waiver of formal extradition proceedings.

{¶ 23} Obviously, if appellant had waived extradition so that the authorities in Jefferson County were forced to deliver him into the custody of officials from the state of Colorado, he would have been responsible for any subsequent effects of that decision, such as missing his sentencing hearing in Columbiana County. If appellee had evidence to support that appellant made a formal waiver of extradition and that Jefferson County had no choice but to release him into the custody of officials from Colorado, appellee should have produced this evidence in response to appellant's motion to dismiss. The record in fact reveals that appellant presented his dilemma to Judge Bruzzese in Jefferson County and asked the judge to resolve the possible sentencing problem. Clearly, then, appellant was not attempting to avoid being sentenced in Columbiana County by asking whether he could be extradited to Colorado. The evidence of record reflects that while appellant explained his situation to Judge Bruzzese, it was Judge Bruzzese who allowed appellant to be extradited without a written waiver of extradition. Therefore, the delay in sentencing caused by the extradition must be attributed to the state and cannot be attributed to appellant.

{¶ 24} Appellee's second argument concerning the IAD is inapplicable. Ohio's version of the IAD is contained in R.C. 2963.30, which provides a streamlined system for prisoners incarcerated in Ohio to be temporarily extradited to other states so that any charges pending in those other states might be expeditiously prosecuted. Colorado is also bound by the IAD. See Colo.Rev.Stat. Ann. 24–60–501. The IAD is triggered when the requesting state files a detainer with the state currently incarcerating the defendant. A detainer is a "warrant filed against a person already in custody with the purpose of insuring that he will be available to the authority which has placed the detainer" or "a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." *State v. Wells* (1994), 94 Ohio App.3d 48, 53, 640 N.E.2d 217.

{¶ 25} Appellee is correct that the IAD is not applicable to this case because it applies only when a detainer is based on an "untried indictment." See IAD, Article III(a), R.C. 2963.30. As appellant's guilty plea had already been accepted by Judge Jenkins, the case was no longer an "untried indictment." Nevertheless, the IAD did not prevent appellee from finding some other means of carrying out this sentencing hearing.

{¶ 26} Appellee eventually used videoteleconferencing equipment so that appellant could be sentenced without leaving Colorado. The option of using videoteleconferencing equipment to conduct a hearing in a criminal case has been appropriate in Ohio since at least 1995. See *State v. Phillips* (1995), 74 Ohio St.3d 72, 94–95, 656 N.E.2d 643. There is no indication in the record that appellee was prevented from using this option in 1998 when appellant was extradited to Colorado.

{¶ 27} In addition, appellee could have resorted to traditional extradition procedures, if necessary, in order to secure appellant's presence at the sentencing hearing. See R.C. 2963.01 et seq.

{¶ 28} Last, appellee could have requested a waiver from appellant of his right to be physically present at the sentencing hearing. *Cermak v. Cermak* (1998), 126 Ohio App.3d 589, 595, 710 N.E.2d 1191.

{¶ 29} It appears from the record that there is no reasonable explanation why appellee failed to explore other options for completing the sentencing hearing after appellant did not appear at the July 23, 1998 sentencing hearing. Once the bench warrant was issued on August 7, 1998, there was no further activity in this case until appellant filed his motion to dismiss on March 31, 2000. Instead of ordering an immediate sentencing hearing in response to appellant's motion to dismiss, appellee was inexplicably given an additional year to devise a method for obtaining a valid sentencing hearing. Even if we assume arguendo that the period following March 31, 2000, constituted a reasonable delay in sentencing, the

**14**

20–month unexplained period between July 23, 1998, and March 31, 2000, cannot be attributed to appellant and must be attributed to appellee. We hereby sustain appellant's assignment of error.

{¶ 30} Appellant insists that the proper remedy for an unreasonable delay in sentencing is to dismiss the charges. The case law on this subject indicates that only the sentence must be reversed rather than a full dismissal of the charges. *Ross*, supra, 116 Ohio App.3d at 277, 688 N.E.2d 3; *Lukehart*, 39 Ohio App.3d at 76, 529 N.E.2d 206. Appellant's conviction will remain a part of his criminal record.

{¶ 31} In conclusion, certainly the twenty-month period from August 7, 1998, until March 31, 2000, in which appellee and the trial court took no steps to effect a valid sentence in this case, constituted an unreasonable delay in sentencing. We reverse the June 6, 2001 judgment entry. The trial court has no jurisdiction to render a sentence in this matter.

Judgment reversed.

GENE DONOFRIO and DEGENARO, JJ., concur.