[Cite as *State v. Williams*, 2011-Ohio-6067.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25827 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARVIN LAMONT WILLIAMS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 05 09 3164 |

DECISION AND JOURNAL ENTRY

Dated: November 23, 2011

WHITMORE, Judge.

{¶1}  Defendant-Appellant, Marvin Williams, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2}  In 2005, Williams was indicted on thirteen separate offenses, arising from two separate incidents. Williams elected to have certain charges tried to the bench and others to a jury. A jury trial commenced in February 2006. At the conclusion of the State's case, the court granted a motion for acquittal on two counts. The jury found Williams guilty of the remaining counts, and the court found him guilty on all the counts tried to the bench. On March 23, 2006, the court sentenced Williams, but declined to impose a fine on his four minor misdemeanor counts due to his indigent status. Williams then appealed from the March 23, 2006 sentencing entry. This Court affirmed his convictions with the exception of the counts upon which the trial court declined to impose a fine. *State v. Williams* ("*Williams I*"), 9th Dist. No. 23176, 2007-

Ohio-622. We dismissed the appeal in part on those counts, reasoning that a defendant could not appeal from a count for which no sentence had been imposed. Id. at ¶24. Subsequently, the trial court entered an order imposing suspended fines for the four minor misdemeanor counts. The order only addressed the minor misdemeanors.

{¶3} Due to a defective post-release control notification, the trial court issued two nunc pro tunc entries on June 24, 2009 and August 21, 2009, respectively.[1] Williams appealed from the later entry. In considering the appeal, we determined that the trial court's attempt to remedy Williams' defective post-release control notification by way of a nunc pro tunc entry was invalid because Williams originally had been sentenced before July 11, 2006. *State v. Williams* ("*Williams II*"), 9th Dist. No. 24990, 2010-Ohio-5110, at ¶7-8, quoting *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraph one of the syllabus. We concluded that a trial court must conduct a de novo sentencing hearing to correct a void sentence. *Williams II* at ¶8. Accordingly, we vacated Williams' sentence, along with the court's nunc pro tunc entries, and remanded the matter for the trial court to conduct a de novo sentencing. Id. at ¶8-9.

{¶4} The trial court conducted another sentencing hearing after our remand and, on January 27, 2011, issued its sentencing entry. Williams now appeals from the trial court's sentencing entry and raises five assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II

Assignment of Error Number One

"[T]HE STATE (TRIAL COURT) DID ON THE DATE OF JANUARY 18, 2011 IMPOSE SENTENCE MORE THAN FIVE YEARS POST INDICTMENT, AND CLOSE TO FIVE YEARS AFTER CONVICTION IN THIS CASE WITH

---

[1] The August entry was necessary because the June entry did not advise Williams of the penalty for violating post-release control.

THIS BEING FACTUAL THIS STANDING CONVICTION IS NOT CLEARLY SUPPORTED BY LAW."

Assignment of Error Number Two

"WHEN THE STATE (TRIAL COURT) DID NOT IMPOSE SENTENCE ON COUNTS FOUR, FIVE, NINE, AND THIRTEEN THE LAW DOES NOT GIVE THE TRIAL COURT LIBERTY TO WAIT FOUR YEARS AND ELEVEN MONTHS AND IMPOSE SENTENCE. IT IS ALSO FACTUAL THAT THE TRIAL COURT IS TOTALLY LIABLE FOR THIS DELAY IN SENTENCING."

Assignment of Error Number Three

"WHEN THE TRIAL COURT SENTENCED MARVIN L. WILLIAMS ON JANUARY 18, 2011 AND IN THAT PROVIDED TO THIS NOW STANDING APPEAL PROCEEDING WITH A VOID JOURNAL ENTRY DUE PROCESS OF LAW AND REDRESS IN COURT IS NOT BEING HONORED BY THIS TRIAL COURT."

{¶5}   In the foregoing assignments of error, Williams argues that the trial court did not have the authority to sentence him due to the substantial delay between his trial and the imposition of his sentence. He argues that the unreasonable delay violated Crim.R. 32(A). While it is not entirely clear from his brief, he also appears to argue that, because the delay in sentencing deprived the court of jurisdiction: (1) the court did not have the authority to conduct the January 2011 sentencing hearing; and (2) the court deprived Williams of his right to appeal from his convictions because it never issued a proper sentencing entry that included all of his convictions.

{¶6}   Crim.R. 32(A) requires sentences to be imposed "without unnecessary delay." Yet, "[t]his Court has held that Crim.R. 32(A) does not apply in cases where an offender must be re-sentenced" due to a defective post-release control notification. *State v. Wooden*, 9th Dist. No. 25607, 2011-Ohio-4942, at ¶17. The record reflects that the court's original sentencing entry from March 23, 2006 failed to properly impose post-release control upon Williams. See *Williams II*, supra. Consequently, the trial court retained continuing jurisdiction to remedy the

sentence, and its doing so did not violate Crim.R. 32(A). *Wooden* at ¶17, citing *State ex rel. Cruzado v. Zaleski*, 11 Ohio St.3d 353, 2006-Ohio-5795, at ¶19 (holding that a trial court retains continuing jurisdiction to correct such a defect).

**{¶7}** Williams appears to argue that, despite the fact that his sentence contained a defective post-release control notification, the trial court lacked jurisdiction to resentence him due to an error apart from post-release control. Specifically, Williams argues that the court unreasonably delayed sentencing him on his minor misdemeanors and that delay deprived the court of jurisdiction. Because a litigant may raise subject matter jurisdiction at any juncture, *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶11, we must determine whether the delay at issue here did in fact impact the court's jurisdiction.

**{¶8}** The trial court neglected to impose a sentence upon Williams for his minor misdemeanors in its March 2006 sentencing entry. After this Court partially dismissed *Williams I* on that basis, the trial court issued an order in February 2007, imposing suspended fines upon Williams for each of the minor misdemeanors. The order, however, only pertained to the minor misdemeanors and did not set forth Williams' other convictions. Accordingly, Williams did not have a single entry containing all of his convictions. See *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at ¶19, modified by *State v. Lester*, Slip Opinion No. 2011-Ohio-5204, paragraph one of the syllabus. The trial court did not take any further action until 2009, when it issued additional sentencing entries to correct the post-release control error. The 2009 entries, which were later vacated by this Court in *Williams II*, and the January 2011 entry all contained Williams' convictions in a single document. Yet, Williams avers that by 2009, and certainly by 2011, it was too late for the trial court to issue a proper sentencing entry that contained all of his convictions because a period of several years had elapsed since his trial. See Crim.R. 32(A).

{¶9}    This Court has held that Crim.R. 32(A) "recognizes the distinction between a trial court refusing to sentence an offender and a trial court improperly sentencing an offender." *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, at ¶19.  Accord *State v. Culgan*, 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, at ¶36.  The trial court here did not refuse to sentence Williams; it simply issued improper entries.  See *State v. Brown*, 9th Dist. No. 25206, 2010-Ohio-4863, at ¶9, citing *Warren v. Ross* (1996), 116 Ohio App.3d 275 and *Willoughby v. Lukehart* (1987), 39 Ohio App.3d 74 (holding that there was no Crim.R. 32(A) violation and distinguishing cases where trial courts inexplicably delayed sentencing and never even attempted to impose a sentence "until after a reasonable time had passed").  This is not an instance where a trial court inexplicably delayed sentencing.  Compare *Ross*, 116 Ohio App.3d at 277; *Lukehart*, 39 Ohio App.3d at 76.  Thus, the trial court's actions here did not violate Crim.R. 32(A).

{¶10}  Because the trial court retained continuing jurisdiction over Williams' sentence, his arguments to the contrary lack merit.  Further, because the trial court had jurisdiction to enter its January 2011 sentencing entry and Williams has appealed from it, the court's actions did not deny Williams his due process rights.  Williams' first three assignments of error are overruled.

Assignment of Error Number Four

"THE ORIGINAL TRANSCRIPT OF THE TRIAL AND OR PROCEEDINGS THEREOF IN THIS ARGUMENT OF ERROR PROVES ON MORE THAN ONE OCCASION THE TRIAL COURT ABUSED ITS DISCRETION."

Assignment of Error Number Five

"THE COURT (JUDGE) DID NOT HAVE THE LIBERTY TO PUSH THE ISSUE OF RULING ON THE SUPPLEMENTAL MOTION FOR ACQUITTAL TO BE ADDRESSED BY THE APPEALS ATTORNEY."

{¶11}  In his fourth and fifth assignments of error, Williams argues that the trial court engaged in "ethical misconduct," aided the State in obtaining a conviction, and refused to rule on his Crim.R. 29 motion.

{¶12}  Williams appears pro se on appeal.  With respect to pro se litigants, this Court has repeatedly held that:

> "[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities.  However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound.  He is not given greater rights than represented parties, and must bear the consequences of his mistakes.  This Court, therefore, must hold [pro se appellants] to the same standard as any represented party."  (Internal citations omitted.)  *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶3.

With the foregoing in mind, we turn to Williams' arguments.

{¶13}  Williams' entire argument in support of his fourth and fifth assignments of error reads as follows:

> "Assignment of Error Four presents to this [C]ourt an error in abuse of discretion an unethical misconduct in a criminal proceeding, this error helped the State gain a tactical advantage to convict [Williams].

> "Assignment of Error Five an error of misconduct with regards to the court (Judge) in this criminal proceeding, the court at the close of the case in trial court refused to rule his Criminal Rule 29 Motion and in the record preserved this issue for [Williams'] appeals attorney."

Williams does not point to any specific portions of the record in support of either argument or set forth any supporting case law.  See App.R. 16(A)(7).

{¶14}  To the extent Williams accuses the trial judge here of "unethical misconduct," this Court has held that "any allegations of judicial misconduct are not cognizable on appeal, but [are] a matter properly within the jurisdiction of the Disciplinary Counsel." *Wilburn v. Wilburn*, 9th Dist. No. 05CA008798, 2006-Ohio-5820, at ¶10, quoting *Szerlip v. Spencer* (Mar. 14, 2002),

5th Dist. No. 01CA30, at *1. Any claims of misconduct, therefore, are not properly before us. *Wilburn* at ¶10. The only specific error that Williams even alleges is that the trial court refused to rule on his Crim.R. 29 motion. Yet, the record contains a journal entry, dated April 5, 2006, denying Williams' motion for acquittal. As to the other arguments Williams raises, he has not supported those arguments with proper citations to the record and applicable legal authority. See App.R. 16(A)(7). As this Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone* (May 6, 1998), 9th Dist. No. 18349, at *8. Williams' fourth and fifth assignments of error are overruled.

III

{¶15} Williams' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                 _____

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CONCURS

CARR, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

MARVIN L. WILLIAMS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.