[Cite as *State v. Johnson*, 2021-Ohio-1869.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT/
    CROSS-APPELLEE,

v.

JAMES A. JOHNSON, III,

    DEFENDANT-APPELLEE/
    CROSS-APPELLANT.

CASE NO. 8-20-42

**O P I N I O N**

Appeal from Logan County Common Pleas Court
Trial Court No. CR 18 01 0020

**Judgment Reversed in Part; Affirmed in Part and Cause Remanded**

**Date of Decision: June 1, 2021**

APPEARANCES:

    *Eric C. Stewart* **for Appellant/Cross-Appellee**

    *William T. Cramer* **for Appellee/Cross-Appellant**

**WILLAMOWSKI, P.J.**

{¶1} The plaintiff-appellant, cross-appellee State of Ohio appeals the judgment of the Logan County Court of Common Pleas, alleging that the trial court erred by failing to order the defendant-appellee, cross-appellant James A. Johnson ("Johnson") to pay restitution. In response, Johnson asserts that his sentence was unreasonably delayed and should, therefore, be reversed. For the reasons set forth below, the judgment of the trial court is reversed in part and affirmed in part.

*Facts and Procedural History*

{¶2} On October 10, 2017, Johnson was driving southbound on U.S. Route 68. Doc. 26. At the same time, David Deskins ("Deskins") was driving a school bus northbound on the same roadway. Doc. 26. At 1:50 P.M., Johnson's vehicle swerved across the center line in the roadway and struck the school bus. Doc. 26. In this collision, Deskins and an adult passenger on the school bus, Brooke Perry ("Perry"), suffered injuries. Doc. 26. Johnson was also taken to the hospital for treatment where subsequent testing revealed that he had "Amphetamine/ Methamphetamine in his urine in [an] amount over 500 ng/ml." Doc. 26.

{¶3} On August 3, 2018, Johnson pled guilty to one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), 2903.08(B)(1)(a), a felony of the second degree. Doc. 90. The trial court then found Johnson guilty of the charge of aggravated vehicular assault. Doc. 90. At Johnson's sentencing hearing on September 10, 2018, the trial court determined that an eight-year prison sentence

was appropriate in this case.[1] Doc. 96. On September 11, 2018, the trial court issued a judgment entry ("September 11, 2018 Entry") that memorialized several determinations that the trial court had made at the sentencing hearing. Doc. 96. However, this September 11, 2018 Entry also stated that the trial court was "retain[ing] jurisdiction over restitution in this matter along with the findings of the Defendant's ability to pay." Doc. 96.

{¶4} On September 17, 2018, Johnson filed an appeal from the September 11, 2018 Entry, even though the trial court had not yet made a determination on the issue of restitution. Doc. 105. On July 18, 2019, after considering an *Anders* Brief that had been filed, this Court determined that this case presented arguable issues for appeal. Doc. 121. We then directed the trial court to appoint new appellate counsel for Johnson. Doc. 121. On April 6, 2020, this Court dismissed Johnson's appeal for lack of a final appealable order since the September 11, 2018 Entry had not disposed of the issue of restitution. Doc. 124. We then remanded this case to the trial court. Doc. 124.

{¶5} On July 28, 2020, the trial court held a hearing on the issue of restitution. Doc. 149, Tr. 1. The record indicates that the Ohio Victims of Crime Compensation Program ("OVCCP") paid $8,876.57 to Perry pursuant to a decision made by the Ohio Attorney General's Office on January 10, 2019. Tr. 9-10. The

---

[1] The trial court also determined that this eight-year prison sentence should be served consecutively to a prison sentence imposed by the Champaign County Court of Common Pleas. Doc. 96. Thus, Johnson's aggregate prison term was twelve years. Doc. 96, 136.

State argued that the trial court had the authority to order Johnson to pay restitution to OVCCP. Tr. 12. On August 3, 2020, the trial court issued a judgment entry of sentencing. Doc. 136. The trial court declined to impose restitution, finding that the imposition of restitution would impermissibly "increase the restitution from the original sentencing." Tr. 20-21.

*State's Assignment of Error*

**{¶6}** The State filed its notice of appeal on August 11, 2020. Doc. 142. On appeal, the State raises the following assignment of error:

**The trial court erred in not making a finding of restitution.**

The State argues not only that the trial court could have ordered Johnson to pay restitution to OVCCP after the July 28, 2020 hearing but also that the trial court was required to order such restitution pursuant to Article I, Section 10a of the Ohio Constitution ("Marsy's Law").

*Legal Standard*

**{¶7}** "R.C. 2929.18(A) allows a trial court to impose various 'financial sanctions' against a defendant who committed a felony, including '[r]estitution by the offender to the victim.'" *State v. Allen*, 159 Ohio St.3d 75, 2019-Ohio-4757, 147 N.E.3d 618, ¶ 3. R.C. 2929.18(A) reads, in its relevant part, as follows:

> **(A) * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:**
>
> **(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the**

**victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, *or to another agency designated by the court*. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. * * ***

(Emphasis added.) R.C. 2929.18(A)(1). Thus, under R.C. 2929.18(A)(1), a trial court has "the discretion to order that restitution be paid to certain third parties, namely, an adult probation department, the clerk of courts, or another agency designated by the court." *State v. Bartholomew*, 119 Ohio St.3d 359, 2008-Ohio-4080, 894 N.E.2d 307, ¶ 17.

{¶8} The Ohio Supreme Court has held that "R.C. 2929.18(A)(1) authorizes a trial court to order that a criminal defendant pay restitution to the [Ohio Attorney General's Victims of Crime] reparations fund for payments made by the fund to a victim of crime for economic loss caused by the offender." *Bartholomew* at ¶ 17. *See* R.C. 2743.191(A)(1)(a). In reaching this conclusion, the Supreme Court noted that R.C. 2743.72(E) expressly states that "[t]he reparations fund is an eligible recipient for payment of restitution." *Id*. at ¶ 12. *See State v. Perkins*, 190 Ohio App.3d 328, 2010-Ohio-5058, 941 N.E.2d 1227, fn. 3 (3d Dist.) (stating that the OVCCP is "a reparations fund of the Ohio Attorney General * * *").

*Legal Analysis*

{¶9} The State advances two main arguments on appeal. First, the State asserts that the trial court was required to order Johnson to pay restitution to OVCCP

because victims now have a constitutional right to restitution under Marsy's Law.

This provision reads, in its relevant part, as follows:

> **(A) To secure for victims justice and due process throughout the criminal and juvenile justice systems, a victim shall have the following rights, which shall be protected in a manner no less vigorous than the rights afforded to the accused:**
>
> **\* \* \***
>
> **(7) to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim;**

Article I, Section 10a(A) of the Ohio Constitution. Marsy's Law then defines the word "victim" as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." Article I, Section 10a(D) of the Ohio Constitution.

{¶10} In this case, OVCCP does not qualify as a victim under the definition provided in Marsy's Law. OVCCP was not "a person against whom the criminal offense \* \* \* [was] committed" and was not "directly and proximately harmed by the commission of the offense \* \* \*." Article I, Section 10a(D) of the Ohio Constitution. The State admitted as much at the July 28, 2020 hearing on this matter when the prosecutor said: "So the Attorney General's Office paid to the victim out-of-pocket expenses, which was $8,876.57. *So we're not asking for restitution for the victim herself* but for the Attorney General's Office." (Emphasis added.) Tr. 6.

{¶11} Since OVCCP does not qualify as a victim under the definition set forth in Marsy's Law, the constitutional provisions invoked by the State on appeal

-6-

are not applicable to the issue before us. *See also City of Centerville v. Knab*, 162 Ohio St.3d 163, 2020-Ohio-5219, 166 N.E.3d 1167, ¶ 31 (examining the meaning of the word "person" as it relates to the definition of the word "victim" in Marsy's Law). While a trial court may generally order restitution to OVCCP pursuant to R.C. 2929.18(A)(1), Marsy's Law does not require the trial court to order restitution to OVCCP in this case. *See Bartholomew, supra*, at ¶ 17; R.C. 2743.72(E). Thus, we conclude that the State's first argument is without merit.

{¶12} Second, the State argues that the trial court was incorrect in concluding that it *could not* order restitution at the July 28, 2020 sentencing hearing. In this case, the trial court indicated, in the September 11, 2018 Entry, that it was going to determine the issue of restitution at a later date. Doc. 96. *See State v. Daniels*, 1st Dist. Hamilton No. C-140242, 2014-Ohio-5160, ¶ 7; *In re J.G.*, 3d Dist. Logan No. 8-20-59, 2021-Ohio-1624, ¶ 36; *State v. Burgess*, 5th Dist. Stark No. 2012 CA 00119, 2013-Ohio-234, ¶ 14 (holding that "it is not improper for a trial court to render a supplemental restitution order after retaining jurisdiction to do so at sentencing * * *").

{¶13} Before the trial court had rendered a decision on the issue of restitution, Johnson filed an appeal from the September 11, 2018 Entry. Doc. 105. At that time, the September 11, 2018 Entry was incomplete as it "left [the issue of restitution] unresolved and contemplated further action to be taken by the trial court." *State v. Kline*, 3d Dist. Henry No. 7-10-09, 2010-Ohio-6378, ¶ 6. As such,

this Court determined that "[t]he judgment entry from which Johnson appeal[ed] d[id] not set forth a complete sentence and [was] thus not a final appealable order." Doc. 124. We then dismissed this prior appeal and remanded this case so that the trial court could make a determination on the pending issue of restitution and issue a final judgment. Doc. 124. *See Kline* at ¶ 7.

{¶14} On July 28, 2020, the trial court held a restitution hearing. Tr. 4, 6. At this hearing, the State argued that the trial court could impose restitution. Tr. 7, 11-12. However, the trial court stated the following:

> **But I'm still kind of stuck on the issue of if we order restitution in the amount of $8,876.57 at this point that we are increasing the restitution from the original sentencing. *My understanding is that the Court cannot do that. What we cannot do is we cannot increase restitution*.**

(Emphasis added.) Tr. 13-14. The trial court then reached the following conclusion:

> **The Court finds that * * * the State of Ohio Attorney General's Office did not make its findings of fact and decision until January 10, of 2019; and, therefore, it did not have any evidence of any amount of restitution until months after the original sentencing hearing had been conducted and completed. So for that reason, * * * at this point in time, to order the defendant to pay restitution would be to increase the restitution from the original sentencing, and the Court is not permitted to do that.**
>
> **So, the Court will journalize a final sentencing entry in this case that restates and reaffirms all of the elements of the September 11, 2018 sentence. It will address restitution, but * * * it will state that because the State did not have any evidence of restitution at the time of the sentencing entry, to order restitution at this point in time would be to increase restitution. The Court cannot do that and, therefore, it does not order any restitution to be paid. * * ***

**So that will be the decision of the Court. The Court will hereby find that the * * * defendant cannot be ordered to pay restitution at this point in time because there was no evidence of any amount of restitution at the time of his sentencing and that to order him to pay the restitution at this time would be to improperly increase the amount of restitution over his sentencing.**

Tr. 20-21. Thus, the trial court did not impose restitution after the July 28, 2020 hearing, at least in part, because the trial court believed that it *could not* order Johnson to pay restitution to OVCCP. Tr. 20-21. *See* Doc. 136.

{¶15} In this case, the trial court believed it could not impose restitution because such an order would "increase the restitution from the original sentencing." Tr. 20-21. But this conclusion is incorrect for two reasons: (1) the September 11, 2018 Entry did not contain a determination on the issue of restitution and (2) the September 11, 2018 Entry was not, therefore, a final order.

{¶16} As to the first reason, the trial court treated the absence of a determination on the issue of restitution in the September 11, 2018 Entry as a determination to impose zero dollars of restitution, meaning that any subsequent restitution order would represent a de facto increase in the amount of restitution. Tr. 20-21. But the September 11, 2018 Entry expressly deferred a determination on the issue of restitution for a later date. Doc. 96. In this case, the express decision to defer a determination on the issue of restitution meant that no determination on this issue had been rendered. As such, at the July 28, 2020 hearing, the trial court lacked the ability to increase, decrease, or otherwise modify a prior determination on the

issue of restitution because no such prior determination existed. Thus, the trial court failed to consider the issue of restitution as a pending matter that was left unresolved by the September 11, 2018 Entry.

{¶17} As to the second reason, by acting as though the issue of restitution had been previously determined in the September 11, 2018 Entry, the trial court acted as though the September 11, 2018 Entry was a final order. However, this Court dismissed Johnson's prior appeal because the September 11, 2018 Entry had not decided the issue of restitution and was, for this reason, not a final appealable order. Doc. 96, 124. *See In re Holmes*, 70 Ohio App.2d 75, 77, 434 N.E.2d 747, 749 (1st Dist.). If the September 11, 2018 Entry had determined the issue of restitution, we would not have remanded this case to the trial court. *See In re J.G., supra*, at ¶ 39. But because the September 11, 2018 Entry contained an incomplete sentence, we remanded this case so that the trial court could take the necessary steps to complete Johnson's sentence. In other words, we remanded this case precisely because the trial court could consider whether or not to impose restitution in the absence of a determination on the issue of restitution. *See State v. Casteel*, 5th Dist. Tuscarawas No. 11AP110043, 2012-Ohio-2295, ¶ 12.

{¶18} Further, in its decision on restitution, the trial court cited to several cases that stand for the proposition that "a trial court does not have continuing jurisdiction * * * to increase, decrease, or otherwise modify the amount of restitution after sentencing." *State v. Downey*, 12th Dist. Clermont No. CA2016-02-006, 2016-

Ohio-5778, ¶ 17.  *See* Doc. 136, citing *Downey* at ¶ 17; *State v. Stechschulte*, 11th Dist. Lake No. 2013-L-027, 2014-Ohio-4291, ¶ 23.  In *Downey* and *Stechschulte*, the trial courts had issued a final determination on restitution in a sentencing entry that constituted a valid final judgment.  *Downey* at ¶ 2-3; *Stechschulte* at ¶ 13-14.  In these cases, the trial court did not have the authority to modify a final judgment entry of sentencing after its issuance.  *Downey* at ¶ 18; *Stechschulte* at ¶ 23.

{¶19} The cases cited by the trial court are distinguishable from the case before this Court.  As we have noted, the September 11, 2018 Entry did not determine the issue of restitution; did not, as a result, contain a complete sentence; and was not, therefore, a final appealable order.  *State v. Kuhn*, 3d Dist. Defiance No. 4-05-23, 2006-Ohio-1145, ¶ 8; *State v. Thompson*, 4th Dist. Ross No. 10CA3177, 2011-Ohio-1564, ¶ 8; *In re Zakov*, 107 Ohio App.3d 716, 718, 669 N.E.2d 344, 345 (11th Dist. 1995) (holding that the failure to include a determination on restitution "render[ed] th[e] entry interlocutory").

{¶20} Since the September 11, 2018 Entry left the issue of restitution unresolved and was not a final appealable order, the trial court could have ordered Johnson to pay restitution to OVCCP at the July 28, 2020 hearing without impermissibly "increas[ing] the restitution from the original sentencing."  Tr. 20-21. *See Downey* at ¶ 17.  However, we note that, in declining to impose restitution, the trial court did consider some other factors.  *See* Doc. 136.  The trial court observed that the State waited "21.5 months" to present evidence of the amount of

restitution. Doc. 136. We also note that Johnson filed what was, in his words, a "premature" appeal from the September 11, 2018 Entry that may have delayed this process. Appellee's Brief, 7. Nonetheless, the fact remains that the trial court's decision in this matter rested, at least in part, on the belief that it could not impose restitution. For this reason, we conclude that the State's second argument has merit.

{¶21} As such, we reverse the trial court's decision on the issue of restitution and remand this case for the trial court to consider this matter with the knowledge that it has the discretion to impose restitution. *See In re J.G., supra*, at ¶ 45 (applying an abuse of discretion standard to restitution orders on appeal). *But see State v. Presutto-Saghafi*, 9th Dist. Lorain Nos. 18CA011411, 18CA011412, 2019-Ohio-5373, ¶ 9 (noting that several appellate districts now apply the standard set forth in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, to restitution orders on appeal).

{¶22} In conclusion, the trial court, in this case, was not required to impose restitution but could have imposed restitution at the July 28, 2020 hearing. The State's first argument—that Marsy's Law required the trial court to impose restitution—is without merit. But because the trial court operated on the assumption that it could not impose restitution at the July 28, 2020 hearing, we find the second argument raised by the State of Ohio to have merit. As such, the State of Ohio's assignment of error is sustained.

*Johnson's Cross-Assignment of Error*

**{¶23}** On August 24, 2020, Johnson filed his notice of cross-appeal. Doc. 145. On appeal, he raises the following assignment of error:

**The trial court erred in imposing sentence after the sentencing hearing was unreasonably delayed.**

Johnson asserts that the imposition of his sentence was unreasonably delayed and that his sentence should, therefore, be reversed.

*Legal Standard*

**{¶24}** Crim.R 32(A) states that a "[s]entence shall be imposed without unnecessary delay." Crim.R. 32(A). The Ohio Supreme Court has held "that the time of pronouncing sentence is within the discretion of the trial court and a delay for a reasonable time does not invalidate the sentence." *Neal v. Maxwell*, 175 Ohio St. 201, 201, 24 O.O.2d 281, 192 N.E.2d 782, 784 (1963). Based on the Supreme Court's pronouncement in *Neal*, "appellate courts have held that a delay in sentencing must be reasonable in order to be valid * * *." *State v. Miller*, 3d Dist. Henry No. 7-11-21, 2012-Ohio-2132, ¶ 7. *See State v. Hruby*, 6th Dist. Ottawa No. OT-10-036, 2011-Ohio-3848, ¶ 10; *State v. Brown*, 152 Ohio App.3d 8, 2003-Ohio-1218, 786 N.E.2d 492, ¶ 20 (7th Dist.); *State v. Johnson,* 12th Dist. Madison No. CA2002-07-016, 2003-Ohio-6261, ¶ 13. As such, "[a]n unreasonable delay between a plea and a sentencing, *which cannot be attributed to the defendant*, will invalidate that sentence." (Emphasis added.) *State v. Martinez*, 6th Dist. Wood No.

WD-09-068, 2010-Ohio-2007, ¶ 6, citing *Brown* at ¶ 31. *See State v. Owens*, 181 Ohio App.3d 725, 2009-Ohio-1508, 910 N.E.2d 1059, ¶ 27 (7th Dist.); *State v. Hawkins*, 8th Dist. Cuyahoga No. 94294, 2011-Ohio-74, ¶ 4.

{¶25} In determining whether a delay was unreasonable, appellate courts are to consider the facts of each case. *State v. Barklay*, 2d Dist. Greene No. 95 CA 70, 1996 WL 111804, *2 (Mar. 15, 1996). Courts have examined the reasons for the delay in this analysis. *State v. Ventura*, 2016-Ohio-5151, 61 N.E.3d 189, ¶ 27 (1st Dist.); *Barklay* at *2; *Brown* at ¶ 29; *Johnson* at ¶ 16. Further, "the remedy for an unreasonable delay in sentencing is not a resentencing hearing * * *." *Owens* at ¶ 33. *See Martinez* at ¶ 6. Rather, "[t]he case law on this subject indicates that * * * the sentence must be reversed * * *." *Brown* at ¶ 30.

*Legal Analysis*

{¶26} Johnson argues that the period of time that elapsed in between the issuance of the September 11, 2018 judgment entry of sentencing and the August 3, 2020 judgment entry of sentencing constituted an unreasonable delay. Doc. 105, 149. Thus, he asserts that his sentence should be reversed. For two reasons, we find this argument to be without merit under the facts of this case.

{¶27} First, the trial court held a sentencing hearing the month following Johnson's guilty plea. Doc. 90. 96. In his brief, Johnson cites to four cases in support of his argument. *See* Appellee's Brief, 8-9, citing *Brown, supra*; *Owens, supra,* at ¶ 31; *City of Willoughby v. Lukehart*, 39 Ohio App.3d 74, 529 N.E.2d 206,

207 (11th Dist. 1987); *Johnson, supra*, at ¶ 15. In these cases, the trial courts "took *no* steps to effect a valid sentence * * *" within a reasonable time after the plea or verdict. (Emphasis added.) *Brown, supra*, at ¶ 31. *See Owens, supra,* at ¶ 31 (stating that "neither the trial court nor the state made any attempt to effect a valid sentence upon the defendant"); *Lukehart* at 207; *Johnson, supra*, at ¶ 15 (concluding that "the state did nothing" after the defendant failed to appear for his sentencing hearing).

{¶28} The four cases cited by Johnson are distinguishable from the case before this Court. In this case, the trial court *did* take steps to effectuate a valid sentence within a reasonable period of time after Johnson's plea of guilty, holding a sentencing hearing on September 10, 2018. Doc. 96. The allegedly unreasonable delay in this situation was not caused by the trial court's failure or refusal to act within a reasonable time after accepting Johnson's plea of guilty. *See State v. Spears*, 9th Dist. Summit No. 24953, 2010-Ohio-1965, ¶ 19 ("recogniz[ing a] * * * distinction between a trial court refusing to sentence an offender and a trial court improperly sentencing an offender").

{¶29} Second, the delay between the September 11, 2018 Entry and the August 3, 2020 judgment entry is largely attributable to the prior appeal that Johnson initiated on September 17, 2018. Doc. 96, 105. In his brief, Johnson admits that this prior appeal was "premature" since the September 11, 2018 Entry was not a final appealable order. Appellee's Brief, 7. The appeal that Johnson initiated

-15-

lasted until April 6, 2020. Doc. 121, 124. The trial court waited until the conclusion of Johnson's prior appeal to take further action in this case. This delay is not attributable to the State. *See Brown, supra*, at ¶ 23 (finding an unreasonable delay to be attributable to the State). Rather, Johnson chose to avail himself of the appellate process. Thus, there was not a delay in this case that "cannot be attributed to the defendant * * *." *Martinez, supra*, at ¶ 6. *See State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 37 (upholding a sentence because the contested delay "was a result of the need for [the defendant] * * * to utilize the appellate process"). *See also State v. Taylor*, 4th Dist. Highland No. 10CA7, 2011-Ohio-1391, ¶ 20.

{¶30} In conclusion, this case presents a situation in which the trial court took steps to sentence Johnson shortly after accepting his guilty plea. Johnson then chose to avail himself of the appellate process. The resulting delay is largely attributable to Johnson's decision to file this "premature" prior appeal. Appellee's Brief, 7. Thus, the facts of this case do not present a situation in which there was an unreasonable delay in Johnson's sentencing that "cannot be attributed" to his actions. *Martinez, supra*, at ¶ 6. As such, Johnson's cross-assignment of error is overruled.

*Conclusion*

{¶31} Having found error prejudicial to the plaintiff-appellant, cross-appellee in the particulars assigned and argued in the second argument in the State

of Ohio's assignment of error, the judgment of the Logan County Court of Common Pleas is reversed as to the issue of whether the trial court could have imposed restitution at the July 28, 2020 hearing.

{¶32} Having found no error prejudicial to the defendant-appellee, cross-appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed as to the issues raised in Johnson's cross-assignment of error.

*Judgment Affirmed in Part*
*Reversed in Part*
*And Cause Remanded*

**MILLER and SHAW, J.J., concur.**

**/hls**