[Cite as *State v. Brown*, 2011-Ohio-3645.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 10-CA-133 |
| | : | |
| | : | |
| SHERRY BROWN | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |



CHARACTER OF PROCEEDING:        Criminal Appeal from Licking County
                                Court of Common Pleas Case No.
                                09-CR-583

JUDGMENT:                       Dismissed

DATE OF JUDGMENT ENTRY:         July 21, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

EARL L. FROST                         J. MATTHEW DAWSON
Assistant Prosecuting Attorney        35 South Park Place
Licking County Prosecutor's Office    Suite 10
20 S. Second Street, 4th Floor        Newark, Ohio  43055
Newark, Ohio  43055

*Edwards, J.*

{¶1}  Appellant, Sherry Brown, appeals a judgment of the Licking County Common Pleas Court convicting her of grand theft upon a plea of no contest.  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}  On October 22, 2010, appellant entered a plea of no contest to one count of grand theft.  The court proceeded to sentencing at the change of plea hearing.  However, when the court came to the issue of restitution, the State was not prepared to proceed.  The court stated on the record that it had two different numbers in front of it and needed to hear evidence.  The State requested an opportunity to subpoena appropriate witnesses on the issue of restitution.  The court asked counsel for appellant if he had any objection to a continuance, and counsel responded that he did not object.  The court then continued the balance of the sentencing hearing until the parties could produce evidence on the issue of restitution.  Tr. 44-45.

{¶3}  The court issued a judgment entry on October 26, 2010, finding appellant guilty upon a no contest plea and sentencing her to a period of community control of one year.  The entry states, "The Court reserves jurisdiction on the matter of restitution.  The matter will be set for further hearing."  Appellant filed a notice of appeal from this entry.

{¶4}  The court held an evidentiary hearing on the issue of restitution on November 19, 2010.  Following this hearing, the court issued another judgment entry of conviction and sentence on December 10, 2010, finding appellant guilty upon a plea of

no contest, sentencing her to a term of community control of one year, and ordering her to pay restitution in the amount of $9,842.00.

{¶5}   Appellant assigns a single error to the October 26, 2010, judgment of the court:

{¶6}   "THE TRIAL COURT ERRED WHEN IT DID NOT SPECIFY THE AMOUNT OF RESTITUTION AT SENTENCING."

{¶7}   Appellant argues that pursuant to this Court's decision in *State v. Riggs (Riggs II)*, Licking App. No. 2010CA20, 2010-Ohio-5697, the trial court erred in failing to specify the amount of restitution at the original sentencing hearing of October 22, 2010, and in failing to make that amount a part of the October 26, 2010, judgment of conviction of sentence.

{¶8}   In *Riggs*, the trial court initially sentenced the appellant to six months in prison, stating that the appellant "shall pay restitution for damages caused in this case. The Court retains jurisdiction over the amount of restitution owed."   This Court dismissed an appeal from this entry, finding the order was not appealable pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, because the amount of restitution must be in the entry for the entry to be a final, appealable order. *State v. Riggs (Riggs I)*, Licking App. No. 2009CA00041, 2009-Ohio-6821, ¶30.   The trial court thereafter issued a judgment in compliance with *Baker*, including the amount of restitution, and the appellant filed a notice of appeal from this entry.

{¶9}   In *Riggs II,* this Court found that the trial court erred pursuant to R.C. 2929.18(A)(1), which provides, "[i]f the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender."   We

concluded that when we remanded pursuant to *Baker*, the appellant was not present for the imposition of sentence which imposed a specific amount of restitution, and we remanded with instructions to resentence the appellant in accordance with R.C. 2929.18(A)(1). 2010-Ohio-5697 at ¶64-65.

{¶10} In the instant case, the order appealed from is nearly identical to the entry in *Riggs I.* It is clear from the Court's entry and the transcript of the October 22, 2010, change of plea and sentencing hearing that the court did not consider sentencing to be complete at the time the October 26, 2010, judgment was issued, and had continued that portion of the sentencing hearing concerning restitution for a later evidentiary hearing without objection from appellant. While appellant now claims in her brief that she was prepared to go forward with evidence concerning restitution at that hearing and the prosecution was unprepared, when asked if there was any objection to the continuance, counsel for appellant specifically stated on the record that he had no objection.

The entry appealed from is not a final appealable order, and appellant has failed to appeal the final judgment of conviction and sentence issued December 10, 2010.

{¶11}  The appeal is dismissed for want of a final, appealable order.


By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/r0523

[Cite as *State v. Brown*, 2011-Ohio-3645.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
        Plaintiff-Appellee      :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
SHERRY BROWN                           :
                                       :
        Defendant-Appellant     :        CASE NO. 10-CA-133

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the October 26, 2010, Judgment Entry of the Licking County Court of Common Pleas is dismissed.  Costs assessed to appellant.

_____

_____

_____

JUDGES