[Cite as *State v. Howse*, 2011-Ohio-6682.]

STATE OF OHIO    )    IN THE COURT OF APPEALS
          )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN   )

STATE OF OHIO         C.A. No.   11CA010009

  Appellee

  v.             APPEAL FROM JUDGMENT
                ENTERED IN THE
ALVERNO M. HOWSE, JR.     COURT OF COMMON PLEAS
                COUNTY OF LORAIN, OHIO
  Appellant         CASE No.  09CR078921

## DECISION AND JOURNAL ENTRY

Dated: December 27, 2011

CARR, Judge.

{¶1} Appellant, Alverno Howse, Jr., appeals his conviction in the Lorain County Court of Common Pleas. This Court dismisses the appeal.

I.

{¶2} Howse was indicted on one count of tampering with evidence and one count of reckless homicide. Both counts carried firearm specifications. A jury found Howse guilty of all charges. On March 16, 2010, the trial court issued a judgment entry of conviction and sentence, ordering restitution but failing to specify the amount or recipient(s). Howse appealed his conviction. This Court dismissed the appeal by journal entry for lack of a final, appealable order. *State v. Howse* (Dec. 27, 2010), 9th Dist. No. 10CA009800.

{¶3} On May 5, 2011, the trial court issued an order after a hearing, addressing only the issue of restitution. Howse again appealed.

II.

**{¶4}** Howse challenges his conviction by way of five assignments of error which we decline to restate here. On the date scheduled for oral argument, Howse's attorney presented this Court with a purported final judgment of conviction which imposed a sentence and fully resolved the issue of restitution. The judgment entry of conviction and sentence was issued by the trial court on November 23, 2011, during the pendency of this appeal.

**{¶5}** As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.* (1972), 29 Ohio St.2d 184, 186. This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.* (Jan. 26, 2000), 9th Dist. No. 2930-M.

**{¶6}** The Ohio Supreme Court has held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim.R. 32(C), explained.)" *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at syllabus. The May 5, 2011 restitution order alone does not constitute a final, appealable judgment of conviction. Accordingly, this Court lacks jurisdiction to address the merits of the appeal.

**{¶7}** Presumably recognizing the lack of a final, appealable judgment of conviction, Howse sought such a final judgment on November 23, 2011. However, it is well established that, once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55

Ohio St.2d 94, 97. The trial court only retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment from which a party has appealed. Id. The trial court's issuance of a judgment of conviction during the pendency of an appeal from a defendant's conviction is inherently inconsistent with this Court's jurisdiction. Accordingly, the November 23, 2011 judgment entry is a nullity and cannot serve as a mechanism to retroactively establish finality with respect to Howse's appeal.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

AARON T. BAKER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.