[Cite as *State v. Casteel*, 2012-Ohio-2295.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| DOUGLAS CASTEEL | : | Case No. 11AP110043 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 2009CR060138

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT:    May 18, 2012

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

MICHAEL J. ERNEST    MARK A. PERLAKY
125 East High Avenue    153 North Broadway Street
New Philadelphia, OH  44663    New Philadelphia, OH  44663

*Farmer, J.*

{¶1} On October 22, 2009, appellant, Douglas Casteel, pled no contest to two counts of burglary in violation of R.C. 2913.02, two counts of theft in violation of R.C. 2913.02, and one count of receiving stolen property in violation of R.C. 2913.51. By judgment entry filed October 23, 2009, the trial court found appellant guilty. A sentencing hearing was held on November 25, 2009. By judgment entry filed December 2, 2009, the trial court sentenced appellant to an aggregate term of four years in prison. A judicial release hearing was scheduled for July 5, 2011 wherein the trial court would consider judicial release and the imposition of restitution.

{¶2} Appellant commenced his jail term on January 5, 2010 and was released on July 5, 2011. A restitution order was not made at this time.

{¶3} On September 7, 2011, an evidentiary hearing was held to address the restitution issue. By judgment entry filed October 18, 2011, the trial court ordered appellant to pay the victims a total amount of $4,526.37.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED IN REVERSING THE ISSUE OF RESTITUTION IN THIS CASE AND IMPOSING IT AT A DATE AFTER APPELLANT'S INITIAL SENTENCING HEARING."

I

{¶6} Appellant claims the trial court erred in ordering him to pay restitution because the restitution order was imposed after he was originally sentenced in the case.

{¶7} R.C. 2929.18 governs financial sanctions. Subsection (A)(1) states the following:

{¶8} "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

{¶9} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as

restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender."

{¶10} Appellant argues the trial court erred in ordering restitution after he was originally sentenced. In support of his argument, appellant cites this court to cases from this district, *State v. Carr,* Tuscarawas App. No. 2007AP120076, 2008-Ohio-3423, and *State v. Riggs,* Licking App. No. 2010 CA 20, 2010-Ohio-5697.

{¶11} In *Carr,* restitution had been ordered after the original sentence and after the defendant's probation had ended. This court reversed the restitution order, finding at ¶16 that because the defendant's probation period had ended, "the trial court was divested of jurisdiction to impose additional sanctions." "Because the trial court in this case had no statutory authority to increase the restitution amount after imposing sentence" the restitution order was a legal nullity.

{¶12} In *Riggs,* the defendant was sentenced with the trial court retaining jurisdiction to impose restitution. The defendant filed an appeal. Thereafter, an agreed entry was filed on restitution. This court dismissed the appeal per *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, finding a non-final appealable order and reversing the matter to the trial court for resentencing. *State v. Riggs,* Licking App. No. 2009 CA 00041, 2009-Ohio-6821. Upon remand, the trial court resentenced the defendant and included the restitution order. Unfortunately, the trial court did so outside the presence

of the defendant. This court reversed and remanded the case to the trial court for resentencing in accordance with the restitution statute.

{¶13} In the case sub judice, appellant was sentenced on December 2, 2009 with the trial court reserving the restitution amount pending further hearing. On July 5, 2011, appellant was released on judicial release and placed on five years probation. By judgment entry filed October 18, 2011, the trial court, referencing the December 2, 2009 sentencing judgment entry and the July 6, 2011 judicial release orders, imposed a restitution order. Appellant appealed the October 18, 2011 judgment entry.

{¶14} The state argues this case is similar to the case of *State v. Brown,* Licking App. No. 10-CA-133, 2011-Ohio-3645. In *Brown,* the defendant was sentenced with the trial court retaining jurisdiction to impose restitution. Appellant filed an appeal. Thereafter, the trial court filed a second sentencing entry which included a restitution order. Appellant did not file an appeal on this second entry. This court dismissed the appeal, finding the first sentencing entry was not a final appealable order consistent with *Riggs,* supra, and an appeal had not been filed on the second sentencing entry.

{¶15} Based upon this court's decisions in *Riggs* and *Brown,* supra, the judgment entry filed in this case on October 18, 2011 would be a final appealable order if it complied with *Baker,* however, we find that it does not. The December 2, 2009 sentencing judgment entry and the October 18, 2011 judgment entry on restitution "could not be considered together because, under the Ohio Supreme Court *Baker* decision, only one document could constitute a final, appealable order." *Riggs,* 2009-Ohio-6821 at ¶31.

{¶16}  Although this court finds the supplemental restitution order was proper to effectuate a final appealable order, the judgment entry fails to comply with *Baker,* supra.

{¶17}  The matter is remanded to the trial court for resentencing in compliance with *Baker* and R.C. 2929.18.

{¶18}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed and remanded.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Julie A. Edwards_____

JUDGES


SGF/db 502

[Cite as *State v. Casteel*, 2012-Ohio-2295.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DOUGLAS CASTEEL | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11AP110043 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Julie A. Edwards_____

JUDGES