[Cite as *State v. Casteel*, 2012-Ohio-5673.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| DOUGLAS M. CASTEEL | Case No. 2012 AP 07 0044 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
Case No. 2009CR060138

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 30, 2012

APPEARANCES:

For Plaintiff-Appellee

MICHAEL J. ERNEST
125 East High Avenue
New Philadelphia, OH 44663

For Defendant-Appellant

MARK A. PERLAKY
153 North Broadway Street
New Philadelphia, OH 44663

*Farmer, P.J.*

{¶1} On December 2, 2009, appellant, Douglas Casteel, was sentenced to an aggregate term of four years in prison. Appellant commenced his prison sentence on January 5, 2010. A hearing was scheduled for July 5, 2011 wherein the trial court was to consider judicial release and the imposition of restitution. Following the hearing, the trial court granted appellant judicial release, but did not impose restitution.

{¶2} On September 7, 2011, an evidentiary hearing was held to address the restitution issue. By judgment entry filed October 18, 2011, the trial court ordered appellant to pay the victims a total amount of $4,526.37.

{¶3} Appellant filed an appeal, and this court reversed and remanded the matter to the trial court to comply with *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330. *State v. Casteel,* 5th Dist. No. 11AP110043, 2012-Ohio-2295 (hereinafter "*Casteel I*").

{¶4} Upon remand, by judgment entry filed June 13, 2012, the trial court resentenced appellant to the exact same sentence it had imposed on December 2, 2009 and ordered the exact same amount of restitution it had imposed on October 18, 2011. The trial court filed a judgment entry nunc pro tunc on July 19, 2012 to include the manner of conviction.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶6} "THE TRIAL COURT ERRED IN RESERVING THE ISSUE OF RESTITUTION IN THIS CASE AND IMPOSING IT AT A DATE AFTER APPELLANT'S

INITIAL SENTENCING HEARING, AS THE TRIAL COURT HAD LOST JURISDICTION TO IMPOSE RESTITUTION."

I

{¶7} Appellant claims the trial court erred in reserving restitution and imposing it after the sentencing hearing as the trial court had lost jurisdiction to impose restitution. We disagree.

{¶8} R.C. 2929.18 governs financial sanctions. Subsection (A)(1) states the following:

(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution,

at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶9} Appellant argues the trial court erred in ordering restitution after he was originally sentenced as the trial court no longer had jurisdiction. In support of his argument, appellant cites this court to cases from this district, *State v. Carr,* 5th Dist. No. 2007AP120076, 2008-Ohio-3423, and *State v. Riggs,* 5th Dist. No. 2010 CA 20, 2010-Ohio-5697.

{¶10} In *Carr,* restitution had been ordered after the original sentence and after the defendant's probation had ended. This court reversed the restitution order, finding at ¶ 16 that because the defendant's probation period had ended, "the trial court was divested of jurisdiction to impose additional sanctions."

{¶11} In *Riggs,* the defendant was sentenced with the trial court reserving jurisdiction to impose restitution at a later date. The defendant filed an appeal. Thereafter, an agreed entry was filed on restitution. This court dismissed the appeal per *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, finding a non-final appealable order, and remanded the matter to the trial court for resentencing. *State v. Riggs,* 5th Dist. No. 2009 CA 00041, 2009-Ohio-6821. Upon remand, the trial court resentenced the defendant and included the restitution order. Unfortunately, the trial court did so outside the presence of the defendant. This court reversed and remanded the case to the trial court for resentencing in accordance with the restitution statute.

{¶12} In the case sub judice, appellant was sentenced on December 2, 2009 with the trial court reserving the restitution amount pending further hearing. Appellant did not object. On July 5, 2011, appellant was released on judicial release and placed on five years probation. By judgment entry filed October 18, 2011, the trial court, referencing the December 2, 2009 sentencing judgment entry and the July 6, 2011 judicial release orders, imposed a restitution order. Appellant appealed and following reversal and remand by this court (*Casteel I*), the trial court issued a judgment entry nunc pro tunc on July 19, 2012, resentencing appellant to the exact same sentence it had imposed on December 2, 2009 and ordering the exact same amount of restitution it had imposed on October 18, 2011.

{¶13} The state argues this case is similar to the case of *State v. Brown,* 5th Dist. No. 10-CA-133, 2011-Ohio-3645. In *Brown,* the defendant was sentenced with the trial court reserving jurisdiction to impose restitution at a later date. The defendant filed an appeal. Thereafter, the trial court filed a second sentencing entry which included a

restitution order.  The defendant did not file an appeal on this second entry.  This court dismissed the appeal, finding the first sentencing entry was not a final appealable order consistent with *Riggs,* supra, and an appeal had not been filed on the second sentencing entry.

{¶14}  In *Riggs,* the trial court sentenced the defendant and reserved jurisdiction to impose restitution at a later date.  Thereafter, an agreed entry on restitution was filed.  This court remanded the case for a final entry to comply with *Baker.*  This is what occurred in this case.  In *Casteel I,* this court remanded the matter to the trial court to file a final entry pursuant to *Baker.*  The trial court did so, and we now have a final order to review.

{¶15}  Unlike *Carr* wherein restitution was imposed after the defendant's sentence and probation had ended, restitution in this case was imposed after appellant had been granted judicial release and while he was serving five years of probation.  Therefore, this case is distinguishable from *Carr,* as the trial court sub judice had jurisdiction to impose the restitution order.

{¶16}  During the original sentencing hearing, the trial court and counsel agreed to the issuance of a supplemental order on restitution at a later date in order for the prosecutor to obtain all of the required documentation from the victims.  November 25, 2009 T. at 10-12.

{¶17}  Upon review, we find the trial court did not err in imposing restitution after the sentencing hearing.

{¶18}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


_____
**Hon. Sheila G. Farmer**


_____
**Hon. John W. Wise**


_____
**Hon. Julie A. Edwards**

JUDGES

SGF/db 1114

[Cite as *State v. Casteel*, 2012-Ohio-5673.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                   :
                                                 :
-vs-                                             :        JUDGMENT ENTRY
                                                 :
DOUGLAS M. CASTEEL                                :
                                                 :
    Defendant-Appellant                  :        Case No.  2012 AP 07 0044


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant.


_____
**Hon. Sheila G. Farmer**


_____
**Hon. John W. Wise**


_____
**Hon. Julie A. Edwards**

JUDGES