[Cite as *State v. Burgess*, 2013-Ohio-234.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2012 CA 00119 |
| FRANCESCA BURGESS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  2012 CR 00064


JUDGMENT:                        Dismissed and Remanded


DATE OF JUDGMENT ENTRY:          January 28, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           JEFFRY V. SERRA
PROSECUTING ATTORNEY                      THE FERRUCCIO LAW FIRM
KATHLEEN TATARSKY                         220 Market Avenue South
ASSISTANT PROSECUTOR                      400 Huntington Plaza
110 Central Plaza South, Suite 510        Canton, Ohio  44702
Canton, Ohio  44702

*Wise, J.*

{¶1} Appellant Francesca Burgess appeals from her conviction and sentence, in the Court of Common Pleas, Stark County, for theft and evidence tampering. The relevant facts leading to this appeal are as follows.

{¶2} Appellant was formerly a manager and bookkeeper for Stark Mold and Pattern, Inc., a small manufacturer in Canton, Ohio. In October 2010, the company president, Paul Dougherty, became aware of discrepancies in the company's accounting. After further investigation by law enforcement officials, appellant was indicted by the Stark County Grand Jury on criminal charges stemming from her theft of company funds as a continuing course of conduct between May 2003 and October 2010.

{¶3} On March 2, 2012, appellant pled no contest to one count of grand theft (R.C. 2913.02(A)(1) and/or (A)(2) and/or (A)(3)), a felony of the fourth degree, and one count of tampering with records (R.C. 2913.42(A)(1)(B)(3)(c)), also a felony of the fourth degree. Thereafter, the trial court found appellant guilty of both offenses. See Judgment Entry, March 13, 2012.

{¶4} On April 4, 2012, appellant returned to court for sentencing. On April 12, 2012, the trial court sentenced her to four days in jail, with three years of community control. One of the conditions of community control was restitution in an amount to be determined, with the provision that appellant "shall receive credit for $9,400 already paid to [the] victim." Sentencing Entry, April 12, 2012, at 6. A restitution hearing was therein ordered for May 16, 2012. *Id.*

**{¶5}** The court thereafter duly held a hearing to determine the amount of restitution to be paid by appellant. On May 24, 2012, the trial court issued a judgment entry addressing restitution as follows:

**{¶6}** "This matter comes before the Court for a determination of restitution. After hearing the evidence in the within matter, the Court orders restitution in the amount of Seventy-two Thousand Five Hundred Thirty-five and no/100 Dollars ($72,535.00). From this the Court would deduct any amounts that have been pre-paid by the defendant as part of the criminal case. The Court, therefore, orders that restitution will be set at Seventy-two Thousand Five Hundred Thirty-five and no/100 Dollars ($72,535.00) minus any amount that has been re-paid during the pendency of the Court matter."

**{¶7}** Judgment Entry, May 24, 2012.

**{¶8}** On June 21, 2012, appellant filed a notice of appeal of the order of restitution of May 24, 2012. She herein raises the following two Assignments of Error:

**{¶9}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE APPELLANT TO PAY RESTITUTION IN THE AMOUNT OF '$72,535.00 MINUS ANY AMOUNT THAT HAS BEEN RE-PAID [SIC] DURING THE PENDENCY OF THE COURT MATTER' AS SET FORTH IN THE TRIAL COURT'S JUDGMENT ENTRY DATED MAY 24, 2012.

**{¶10}** "II. THE TRIAL COURT ERRED BY FAILING TO ESTABLISH THE AMOUNT OF RESTITUTION TO A DEGREE OF CERTAINTY, WHICH REFLECTS A REASONABLE RELATIONSHIP TO THE ACTUAL LOSS SUFFERED."

I., II.

{¶11} In her two Assignments of Error, appellant contends the trial court erred or abused its discretion in ordering appellant to pay certain restitution.

{¶12} As an initial matter, as suggested in the State's response brief, we address the issue of whether the judgment entry of restitution of May 24, 2012 constitutes a final appealable order.

{¶13} The Ohio Supreme Court has recognized that "the determination of restitution entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment." *State v. Miller*, 127 Ohio St.3d 407, 940 N.E.2d 924, 2010-Ohio-5705, ¶16. Certainly, as the Ohio Supreme Court held at the syllabus in *State v. Danison*, 105 Ohio St.3d 127, 823 N.E.2d 444, 2005-Ohio-781, "[a]n order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order." We note, however, that *Danison* involved a single sentencing entry imposing community control sanctions and setting an amount certain for restitution, rather than an initial sentencing entry with a follow-up specific restitution order, as occurred in the case sub judice. In addition, subsequent to *Danison*, the Ohio Supreme Court issued its ruling in *State v. Baker* (2008), 119 Ohio St .3d 197, 201, 893 N.E.2d 163, 2008–Ohio–3330, which requires that the plea (if applicable), means of conviction, and sentence all be set forth in one judgment entry. *Baker* was subsequently modified and clarified in *State v. Lester,* 130 Ohio St.3d 303, 958 N.E.2d 142, 2011–Ohio–5204, wherein the Ohio Supreme Court held, at paragraph one of the syllabus: "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the

sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."

{¶14} A review of the present record patently reveals that the trial court's one-paragraph judgment entry of restitution filed May 24, 2012 does not include the *Baker/Lester* criteria. In accordance with our recent decision in *State v. Casteel*, Tuscarawas App.No. 11AP110043, 2012-Ohio-2295, we hereby hold that while it is not improper for a trial court to render a supplemental restitution order after retaining jurisdiction to do so at sentencing, such restitution order must comply with the requirements of *Baker* and *Lester* in order to be recognized as a final appealable order. *See, also, State v. Howse*, Lorain App.No. 11CA010009, 2011-Ohio-6682, ¶ 6.

{¶15} Accordingly, we are compelled to dismiss the within appeal and remand the matter to the trial court for the issuance of a final conviction, sentencing, and restitution entry in compliance with *Baker* and *Lester*. We therefore will not presently reach the merits of appellant's two assigned errors.

{¶16} For the reasons stated in the foregoing, the appeal of the decision of the Court of Common Pleas, Stark County, Ohio, is hereby dismissed, and the matter is remanded for a final sentencing entry.

By: Wise, J.
Delaney, P. J., and
Gwin, J., concur.



_____

_____

_____

                                        JUDGES

JWW/d 0104

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                            :
                                         :
    Plaintiff-Appellee                   :
                                         :
-vs-                                     :            JUDGMENT ENTRY
                                         :
FRANCESCA BURGESS                        :
                                         :
    Defendant-Appellant                  :            Case No. 2012 CA 00119


    For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Stark County, Ohio, is dismissed. This matter is remanded for a final sentencing entry.

    Costs assessed to appellant.


_____

_____

_____
               JUDGES