[Cite as *State v. Daniels*, 2014-Ohio-5160.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140242 |
| | | TRIAL NO.  14CRB-1691C |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| LARRY DANIELS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  November 21, 2014

*Terrance Nestor*, Interim City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*J. Rhett Baker*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Larry Daniels appeals from the trial court's entry ordering him to pay restitution. Because we conclude that the entry is not a final appealable order, we lack jurisdiction to entertain Daniels's appeal, and therefore, dismiss it.

## Factual and Procedural Posture

{¶2} Daniels was charged with criminal damaging, criminal trespass, and theft. He pleaded guilty to theft, a first-degree misdemeanor, in violation of R.C. 2913.02(A)(1). In exchange, the state dismissed the remaining charges. On March 4, 2014, the trial court journalized an entry, sentencing Daniels to 180 days in jail, suspending 150 days, crediting Daniels for 30 days' pretrial incarceration, placing him on probation for one year, and ordering him to pay restitution as a condition of his probation. The entry provided that a restitution hearing had been scheduled for April 1, 2014, to determine the amount of the restitution.

{¶3} On April 1, 2014, the trial court held an evidentiary hearing on restitution. The victim testified that he had sustained $1950 in economic loss. At the conclusion of the hearing, the trial court journalized another entry, ordering Daniels to pay $1950 in restitution as a condition of his probation.

{¶4} Daniels has appealed the April 1, 2014 entry. He argues the trial court lacked the authority to order him to pay $1950 in restitution.

## Analysis

{¶5} Before we can consider the merits of Daniels's assignment of error, we must determine if we have jurisdiction to entertain his appeal. The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.02. In the absence of a final

appealable order, we must sua sponte dismiss Daniels's appeal for lack of subject-matter jurisdiction. *See Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1971).

{¶6} To constitute a final appealable order under R.C. 2505.02, a judgment of conviction must satisfy the provisions of Crim.R. 32(C) and include: (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. We note that the trial court's March 4, 2014 entry was not a final appealable judgment of conviction because it contemplated a hearing on restitution, which was a part of Daniels's sentence. Likewise, the trial court's April 4, 2014 restitution order does not constitute a final appealable judgment of conviction because it does not contain the fact of conviction or the entirety of Daniels's sentence.

{¶7} While we recognize that the trial court's March 4, 2014 entry could be read in conjunction with its April 1, 2014 entry to satisfy the requirements of Crim.R. 32(C), the Ohio Supreme Court has held that allowing multiple documents to constitute a final appealable order runs afoul of Crim.R. 32(C), because only one document can constitute a final appealable judgment of conviction. *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17. We, therefore, hold that while it is not improper for a trial court to render a supplemental restitution order after retaining jurisdiction to do so after sentencing, such restitution order must comply with the requirements of *Baker* and *Lester* in order to be recognized as a final appealable order. Accordingly, we are compelled, like other courts facing the same issue, to dismiss Daniels's appeal for lack of subject-matter jurisdiction. *See State v. Burgess,* 5th Dist. Stark No. 2012 CA 00119, 2013-Ohio-234, ¶ 11-16; *State v. Riggs*, 5th Dist. Licking

No. 2009 CA 00041, 2009-Ohio-6821, ¶ 28-31; *State v. Howse*, 9th Dist. Lorain No. 11CA01009, 2011-Ohio-6682, ¶ 5-6.

Appeal dismissed.

**CUNNINGHAM, P.J,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry this date.