[Cite as *Statte v. Emrick*, 2015-Ohio-262.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14 CA 32 |
| RYAN EMRICK | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court,
Case No. 13 CRB 01073


JUDGMENT:     Dismissed and Remanded


DATE OF JUDGMENT ENTRY:     January 20, 2015


APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
RANDALL T. ULLOM
LAW DIRECTORS
Post Office 1008
Lancaster, Ohio 43130

For Defendant-Appellant

CHARLES M. ELSEA
STEBELTON, ARANDA & SNIDER
109 North Broad Street, Suite 200
Post Office Box 130
Lancaster, Ohio 43130

*Wise, P. J.*

{¶1}. Appellant Ryan Emrick appeals from a restitution order in the Fairfield County Municipal Court, following his plea of guilty to one count of criminal mischief. The relevant facts leading to this appeal are as follows.

{¶2}. In February 2013 and April 2013, under two different trial court case numbers, appellant was charged with misdemeanor counts of domestic violence, unlawful restraint, and assault (two counts).

{¶3}. On July 25, 2013, appellant appeared before the trial court and entered a plea of guilty in case number 13CRB01073 to an amended charge of criminal mischief, R.C. 2909.07(A)(1), a misdemeanor of the first degree. The remaining charges were dismissed as part of a negotiated plea deal and agreed sentence recommendation. As a condition of that agreement, appellant agreed to pay restitution to the victim in case number 13CRB01073, Kevin Kempton, who had been injured in the altercation which led to some of the aforementioned charges. Because there was no agreement at that time as to an appropriate restitution amount, the parties recommended to the trial court setting hearing for determination of restitution.

{¶4}. The trial court accepted the guilty plea and imposed sentence consisting of a $100.00 fine, court costs, and 180 days in jail, all suspended in lieu of non-reporting probation (two years). The court ordered restitution in general, but set the matter for further hearing.

{¶5}. The trial court ultimately conducted a restitution hearing on January 29, 2014.

{¶6}. Via a judgment entry issued on April 1, 2014, the trial court ordered appellant to pay restitution of $4,028.64 to the victim, Kempton, representing various expenses incurred at River Valley Orthopedics, Fairfield Medical Center, Fairfield Anesthesia Associates, and other entities. Appellant was ordered to pay this amount at the rate of $200.00 per month.

{¶7}. On May 1, 2014, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶8}. "I. THE TRIAL COURT ERRED IN IMPOSING RESTITUTION AFTER THE DEFENDANT WAS ALREADY SENTENCED BY A FINAL ORDER ON JULY 25, 2013.

{¶9}. "II. THE TRIAL COURT ERRED IN THE AMOUNT OF RESTITUTION IT ORDERED.

{¶10}. "III. THE TRIAL COURT ERRED IN FAILING TO ADEQUATELY CONSIDER THE DEFENDANT'S ABILITY TO PAY RESTITUTION."

I.

{¶11}. In his First Assignment of Error, appellant contends the trial court erred in issuing a restitution order subsequent to its sentencing entry of July 25, 2013.

{¶12}. As an initial matter, as suggested in the State's response brief, we address the issue of whether the judgment entry of restitution of April 1, 2014 constitutes a final appealable order.

{¶13}. The Ohio Supreme Court, in *State v. Baker* (2008), 119 Ohio St .3d 197, 201, 893 N.E.2d 163, 2008–Ohio–3330, held that the plea (if applicable), means of conviction, and sentence must all be set forth in one signed judgment entry to

constitute a final order for purpose of appealing a criminal conviction. *Baker* was subsequently modified and clarified in *State v. Lester,* 130 Ohio St.3d 303, 958 N.E.2d 142, 2011–Ohio–5204, wherein the Ohio Supreme Court held, at paragraph one of the syllabus: "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."

{¶14}. Our research indicates that much of the Ohio case law analyzing *Baker* and/or *Lester* is found in felony appeals; however, the rule of *Baker/Lester* has been applied in misdemeanor cases. *See*, *e.g.*, *State v. Bonner*, 8th Dist. Cuyahoga No. 93168, 2010-Ohio-2885, ¶ 8; *State v. Allman*, 2nd Dist. Montgomery No. 24693, 2012-Ohio-413, ¶ 7-¶9; *State v. Daniels*, 1st Dist. Hamilton No. C–140242, 2014-Ohio-5160, ¶ 7. Furthermore, strict compliance with Crim.R. 32(C) is required in Ohio. *State v. Bolden*, 12th Dist. Preble No. CA2003-03-007, 2004-Ohio-184, ¶ 30, citing *State v. Lovelace*, 1st Dist. Hamilton No. C-970983, 1999 WL 12728.

{¶15}. A review of the present record reveals that the trial court's one-page judgment entry of restitution filed April 1, 2014 states that appellant had entered a guilty plea to criminal mischief under R.C. 2909.07 on July 25, 2013, but then merely recites that the court "imposed sentence in accordance with the joint sentencing recommendation ***." We find the trial court's failure to state appellant's sentence with particularity in the restitution order means said order does not meet the *Baker/Lester* criteria. In accordance with our precedent in *State v. Riggs*, 5th Dist. Licking No. 09-CA-41, 2009-Ohio-6821, *State v. Casteel,* 5th Dist. Tuscarawas No. 11AP110043,

2012–Ohio–2295, and *State v. Burgess*, 5th Dist. Stark No. No. 2012 CA 00119, 2013-Ohio-234, we are compelled to dismiss the within appeal and remand the matter to the trial court for the issuance of a final conviction, sentencing, and restitution entry in compliance with the rule of *Baker/Lester.*[1]

**{¶16}.** We therefore will not presently reach the merits of appellant's First Assignment of Error.

II., III.

**{¶17}.** In his Second and Third Assignments of Error, appellant contends the trial court erred in ordering the amount of restitution and in its consideration of his ability to pay.

**{¶18}.** Based on our above holding, we find appellant's Second and Third Assignments of Error to be premature.

---

[1] We thus find no merit in appellant's theory, based on *State v. Carr*, 5th Dist. Tuscarawas No. 2007AP120076, 2008–Ohio–3423, that the April 1, 2014 was a legal nullity. In *Carr,* restitution had been ordered after the original sentence had been issued *and* after the defendant's probation had ended, meaning the trial court had been divested of jurisdiction to impose additional sanctions. *See id.* at ¶ 16.

{¶19}. For the reasons stated in the foregoing, the appeal of the decision of the Municipal Court of Fairfield County, Ohio, is hereby dismissed, and the matter is remanded for a final sentencing entry.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN

JWW/d 1229

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO              :

     Plaintiff-Appellee      :

                                :

-vs-                      :          JUDGMENT ENTRY

                                :

RYAN EMRICK          :

                                :

     Defendant-Appellant   :          Case No. 14 CA 32

For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Municipal Court of Fairfield County, Ohio, is dismissed and the matter remanded for further proceedings consistent with this opinion.

Costs assessed to appellant.

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN