THE STATE EX REL. MCKINNEY, APPELLANT, *v.* MCKAY, JUDGE, APPELLEE.

[Cite as *State ex rel. McKinney v. McKay,* 131 Ohio St.3d 19, 2011-Ohio-6397.]

*Neither mandamus nor procedendo will compel the performance of a duty that has already been performed—Court of appeals' judgment dismissing petition for writs of mandamus and procedendo affirmed.*

(No. 2011-1403—Submitted December 7, 2011—Decided December 15, 2011.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2011-T-0039, 2011-Ohio-3756.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Jermaine McKinney, for writs of mandamus and procedendo to compel appellee, Trumbull County Court of Common Pleas Judge W. Wyatt McKay, to issue a final, appealable order in his criminal case. Neither mandamus nor procedendo will compel the performance of a duty that has already been performed. See *State ex rel. Rose v. McGinty*, 123 Ohio St.3d 86, 2009-Ohio-4050, 914 N.E.2d 366, ¶ 2. Judge McKay's December 11, 2006 sentencing entry in the criminal case fully complied with Crim.R. 32(C) by including the findings of the jury upon which his convictions were based, the sentence, the signature of the judge, and the time stamp indicating entry upon the journal by the clerk of court. See *State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641, 951 N.E.2d 755, ¶ 1. Insofar as McKinney asserts that Judge McKay erred in his sentencing entry by stating that he was convicted of first-degree kidnapping instead of second-degree kidnapping, McKinney had an adequate remedy by appeal to raise the claimed sentencing error. *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393, ¶ 1.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jermaine McKinney, pro se.

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellee.

_____