[Cite as *State v. McKinney*, 2012-Ohio-6135.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-T-0052** |
| JERMAINE MCKINNEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 05 CR 948.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Jermaine McKinney,* pro se*,* PID: A520-677, Mansfield Correctional Institution, P.O. Box 788, Mansfield, OH 44901 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jermaine McKinney, pro se, appeals the judgment of the Trumbull County Court of Common Pleas denying his motion to "discharge" him from his obligation to pay court costs. Appellant argues the trial court erred by failing to properly impose court costs. This is appellant's fourth appeal (and sixth post-conviction proceeding) challenging his conviction of two counts of aggravated murder and multiple first-degree felonies. For the reasons that follow, we affirm.

{¶2} On November 6, 2006, following a jury trial, appellant was found guilty of aggravated murder of his girlfriend Rebecca Cliburn in the commission of a felony, with specifications of aggravating circumstances of multiple murders, aggravated burglary, aggravated robbery, kidnapping, and aggravated arson. He was also found guilty of aggravated murder of Rebecca's elderly mother Wanda Rollyson in the commission of a felony, with the same specifications of aggravating circumstances, except for the kidnapping specification. In addition, he was found guilty of aggravated burglary, aggravated robbery, kidnapping of Rebecca, and aggravated arson.

{¶3} On November 29, 2006, the trial court held a sentencing hearing. The court sentenced appellant to serve two terms of life imprisonment without parole on the two counts of aggravated murder; ten years for aggravated burglary; ten years for aggravated robbery; ten years for kidnapping; and eight years for aggravated arson, all sentences to be served consecutively. At the sentencing hearing, the trial court also advised appellant, "You will pay costs." *Following this notice, appellant did not ask the court to waive costs at his sentencing.*

{¶4} One week later, on December 6, 2006, the trial court entered its judgment on sentence in which the court imposed the foregoing sentence. The trial court also included the following order in its judgment entry: "The Defendant shall pay the cost of prosecution taxed in the amount of $_____ costs for which execution is awarded."

{¶5} Appellant filed a direct appeal, in which he asserted 16 assignments of error. *Appellant did not challenge the court's imposition of costs as part of this appeal.* On June 27, 2008, this court affirmed appellant's conviction in *State v. McKinney*, 11th

Dist. No. 2007-T-0004, 2008-Ohio-3256 ("*McKinney I*"). Appellant did not appeal this court's decision to the Supreme Court of Ohio.

{¶6} Thereafter, appellant filed a motion to reopen his direct appeal, pursuant to App.R. 26(B), arguing his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on appeal. This court denied that motion.

{¶7} On July 27, 2009, appellant filed a motion in the trial court for resentencing, challenging the court's imposition of consecutive sentences. The trial court denied the motion. Appellant appealed the court's ruling, but, due to his failure to file an appellate brief, this court dismissed his appeal in *State v. McKinney*, 11th Dist. No. 2009-T-0093 ("*McKinney II*").

{¶8} On October 23, 2009, appellant filed a motion to vacate his conviction and for a new sentencing, arguing his sentence was void because the trial court did not impose the mandatory term of post-release control with respect to the first-degree felonies of which he was convicted. The trial court denied the motion. Appellant appealed the trial court's ruling. In *State v. McKinney*, 11th Dist. No. 2010-T-0011, 2010-Ohio-6445 ("*McKinney III*"), this court affirmed appellant's conviction, but reversed in part and remanded for the trial court to properly impose post-release control. The trial court complied with this court's mandate, and, on March 11, 2011, following a hearing, the court issued a nunc pro tunc entry in which the court repeated its original sentence and properly imposed post-release control. That entry also repeated the court's award of costs, stating, "The Defendant shall pay the cost of prosecution taxed in the amount of $_____ costs for which execution is awarded." *Appellant did not appeal this judgment entry.*

3

**{¶9}** Further, between December 29, 2010, and January 18, 2011, appellant filed a series of motions in the trial court, each of which requested that the trial court issue a final order of conviction pursuant to Crim.R. 32(C). The trial court denied each of these motions in a single judgment entry, dated February 17, 2011, finding that appellant's motions were in effect petitions for post-conviction relief and untimely pursuant to R.C. 2953.21(A)(2). Appellant failed to appeal this ruling and, instead, filed a petition for a writ of mandamus and/or procedendo. In *State ex re. McKinney v. McKay*, 11th Dist. No. 2011-T-0039, 2011-Ohio-3756, *judgment aff'd by Ohio Supreme Court at* 131 Ohio St.3d 19, 2011-Ohio-6397 (*McKinney IV*"), this court held that the trial court had already entered a final, appealable order; that appellant thus had an adequate remedy at law by way of a direct appeal; and that neither a writ of mandamus nor a writ of procedendo could lie to compel any further action by the trial court.

**{¶10}** Thereafter, in 2012, appellant filed a motion in this court for leave to file a delayed appeal from his original December 11, 2006 judgment on sentence. This court denied the motion in *State v. McKinney*, 11th Dist. No. 2012-T-0058, 2012-Ohio-4341 ("*McKinney V*").

**{¶11}** Meanwhile, on January 18, 2011, the clerk of courts issued a costs bill to appellant for the cost of prosecution of his murder case, and then apparently began to collect court costs from appellant's prison account. Appellant concedes in his brief that he was served with a copy of this costs bill in prison by the warden's designee in January 2011.

**{¶12}** One and one-half years later, on May 14, 2012, appellant filed a motion to discharge him from his obligation to pay court costs. The court denied his motion.

4

Appellant now appeals this ruling, asserting the following for his sole assignment of error:

{¶13} "The language used by the trial court during the sentencing hearing held on November 29, 2006 was insufficient to (1) impose 'court costs'; (2) notify Appellant of his obligations to pay 'court costs'; (3) notify Appellant of the consequences for his failure to pay 'court costs' and the five (5) year plus delay in imposing the part of the sentence referred to as 'court costs' is unreasonable and attributable solely to the State, therefore the trial court is now divested of its jurisdiction to impose that part of the sentence pursuant to Criminal Rule 32(A), thus the trial court erred to the prejudice of Appellant by denying this motion to discharge defendant from all obligations related to 'court costs' due to unreasonable delay."

{¶14} This court in *State v. Pasqualone*, 140 Ohio App.3d 650 (11th Dist.2000), held that when the defendant could have raised cost issues in his direct appeal, but failed to do so, he is barred by res judicata from raising such issues in a later appeal from the trial court's denial of his motion to vacate court costs. *Id.* at 658. Subsequently, the Supreme Court of Ohio addressed the issue of court costs in *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905. In *Threatt*, the Supreme Court held: "[A]n indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *Id.* at ¶23.

{¶15} Appellant argues he did not have an opportunity to request a waiver of court costs at his November 29, 2006 sentencing hearing because, he claims, the trial

5

court did not expressly advise him at his sentencing that he would be required to pay costs and he was therefore unaware of this obligation. He argues that, pursuant to *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, he is entitled to a remand "for the limited purpose of allowing him to move for a waiver of court costs."

**{¶16}** However, contrary to appellant's argument, the trial court advised him at his sentencing hearing, "You will pay costs." Thus, the trial court expressly notified appellant that, as part of his sentence, he would be required to pay court costs. The trial court reiterated appellant's obligation to pay court costs in the court's December 6, 2002 entry on sentence wherein the court stated, "The Defendant shall pay the cost of prosecution in the amount of $_____ costs for which execution is awarded." Thus, at both the sentencing hearing and in the court's entry on sentence, the trial court gave appellant notice that, as part of the court's sentence, he was obligated to pay court costs.

**{¶17}** As a result, the trial court gave appellant an opportunity to request the waiver of court costs at his sentencing hearing. However, because appellant failed to make such request at his sentencing, he waived the issue. *Threatt*, *supra*. Moreover, because appellant could have raised, but failed to raise, cost issues in his direct appeal, he is now barred by res judicata from raising such issues in his later appeal from the trial court's denial of his motion to discharge him from the obligation to pay court costs. *Pasqualone*, *supra*.

**{¶18}** Further, appellant argues that the remedy provided for in *Joseph* does not apply here, and the trial court lost jurisdiction to impose costs as part of his sentence because, he contends, the trial court did not impose court costs until five years after

6

sentence was imposed. However, as noted above, the trial court imposed costs against appellant during his original sentencing on November 29, 2006 and also in the court's original judgment on sentence, dated December 6, 2006. In making this argument, appellant is confusing the trial court's imposition of sentence, which included costs, with the clerk's efforts to collect costs, which the clerk began by issuing a costs bill on January 18, 2011. It is axiomatic that entry of the trial court's judgment on sentence is separate and distinct from proceedings undertaken by the clerk to collect court costs included in that judgment. *See generally* R.C. 2949.14; Ohio Adm.Code 5120-5-03. Thus, the fact that the clerk began collection efforts four years after judgment was entered (not five years, as appellant argues) has no affect on the validity of the judgment itself.

{¶19} Appellant's reliance on Crim.R. 32(A) and *Warren v. Ross*, 116 Ohio App.3d 275 (11th Dist.1996) is misplaced. Crim.R. 32(A) provides that sentence shall be imposed without unnecessary delay. That rule thus prohibits unnecessary delay in sentencing; it has nothing to do with efforts by the clerk to collect court costs. Moreover, *Ross* is inapposite. In *Ross*, five years after the defendant was sentenced for vehicular homicide, the trial court ordered the permanent suspension of his driver's license. This court reversed, holding the trial court lacked jurisdiction to revoke the defendant's driver's license due to the five-year delay between his conviction and the trial court's order revoking his license. *Id.* at 277. This court held that an unjustified and lengthy delay in imposing part of the sentence deprived the trial court of jurisdiction to impose sentence. *Id.* This court's holding in *Ross* does not apply to the instant case

7

because the only delay involved here was in the clerk's collection efforts, not in the court's imposition of sentence.

{¶20} Moreover, we note that appellant received a benefit from the clerk's delay in collecting costs because, although he owed court costs from the date the court sentenced him in 2006, he did not have to start paying until 2011.

{¶21} For the reasons stated in this opinion, appellant's assignment of error is overruled. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.