[Cite as *State v. Johnson*, 2022-Ohio-573.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JAMES JOHNSON, III,

    DEFENDANT-APPELLANT.

CASE NO. 8-21-23

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CR 18 01 0020

**Judgment Affirmed**

Date of Decision:  February 28, 2022

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant James Johnson, III ("Johnson") brings this appeal from the judgment of the Court of Common Pleas of Logan County imposing an order of restitution. Johnson alleges that the trial court erred in determining the amount owed without considering his ability to pay and by ordering payment to the wrong entity. For the reasons set forth below, the judgment is affirmed.

{¶2} On August 7, 2018, the trial court accepted Johnson's guilty plea to one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a felony of the second degree. Doc. 90. All other charges were dismissed. Doc. 90. A sentencing hearing was held on September 10, 2018, and the trial court imposed a sentence of eight years in prison and retained jurisdiction over the issue of restitution. Doc. 96. After an appeal was dismissed for lack of a final appealable order, the trial court held a resentencing hearing and denied the request for restitution on the basis that it lacked the authority to impose it at that time. Doc. 136. The State appealed from this judgment. Doc. 140. On June 2, 2021, this Court reversed the judgment of the trial court in part, holding that the trial court did have the authority to impose restitution, though it was not statutorily required to do so. *State v. Johnson*, 3d Dist. Logan No. 8-20-42, 2021-Ohio-1869. On remand, the trial court imposed restitution of $6,500 to be paid to the "Ohio Attorney General's Victims of Crime Fund". Doc. 157. Johnson appeals from this judgment and on appeal raises the following assignments of error.

**First Assignment of Error**

**The trial court abused its discretion in ordering [Johnson] to pay $6,500 in restitution where there was no competent, credible evidence that [Johnson] had the ability to pay.**

**Second Assignment of Error**

**The trial court erred by ordering restitution payable to the Victims of Crime Fund, rather than the reparations fund.**

{¶3} In the first assignment of error, Johnson claims that the trial court erred by failing to take into consideration that no evidence had been presented regarding Johnson's ability to pay. Although the transcript of the hearing does not contain a presentation of evidence regarding the ability to pay, Johnson did not argue an inability to pay at the hearing, instead choosing to focus on whether restitution should be ordered at all. By failing to argue this issue in the trial court, Johnson has failed to preserve it for appellate review and it will only be reviewed under a plain error standard. *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, ¶ 40-42, 41 N.E.3d 899.

{¶4} A trial court is granted the authority to impose restitution by R.C. 2929.18(A)(1).

**Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:**

**(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf**

**of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court imposes restitution for the cost of accounting or auditing done to determine the extent of economic loss, the court may order restitution for any amount of the victim's costs of accounting or auditing provided that the amount of restitution is reasonable and does not exceed the value of property or services stolen or damaged as a result of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.**

R.C. 2929.18(A)(1). Before imposing this financial sanction, the trial court shall consider the defendant's ability to pay. R.C. 2929.19(B)(5).[1]

**While the trial court must consider the offender's present and future ability to pay, there is no express evidence which must be considered or weighed. *State v. Simms*, 12th Dist. Clermont No. CA2009–02–005, 2009-Ohio-5440, ¶ 9. There are also no specific factors that must be taken into account or explanations which must be made on the record. *Id*. R.C. 2929.19(B)(5) does not require the trial court's impressions, observations, or deliberations regarding an offender's ability to pay restitution be placed on the record.**

---

[1] This portion of the statute has been found to be unconstitutional when applied to victims of offenses pursuant to Marsy's Law. *See State v. Oliver*, 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, 176 N.E.3d 1054. However, the party receiving restitution in this case was not a victim pursuant to Marsy's Law, so the Constitutional Provision that bars it from consideration in those cases does not apply in this case. *See Johnson, supra*.

*Collins, supra* at ¶ 42.

{**¶5**} Johnson argues that the trial court did not consider his ability to pay before ordering restitution in the amount of $6,500. However, this argument is not supported by the record. The State requested restitution in the amount of $8,876.57 be paid to the Ohio Attorney General's Reparations fund to reimburse the fund for the money paid to the victim. Tr. 7.

> **The Court: The Court is reducing that amount because it thinks that it's the right and just thing to do under these circumstances, and especially in light of the fact that [Johnson] will be incarcerated – scheduled to be incarcerated until October of 2029 with very limited ability to reimburse the State for the restitution.**

Tr. 16-17. Likewise, in its judgment entry, the trial court noted that Johnson had a limited ability to pay restitution until his release. The trial court specifically stated that it had balanced Johnson's ability to pay restitution against the request for restitution. Given the statements of the trial court, the trial court's familiarity with this matter, and the actions of the trial court, the record shows that the trial court did consider Johnson's ability to pay before ordering him to pay restitution. The first assignment of error is overruled.

{**¶6**} In his second assignment of error Johnson claims that the trial court erred in ordering that restitution be paid to the Ohio Attorney General's Victims of Crime Fund rather than the Ohio Attorney General's Reparations Fund. The reparations fund was created by R.C. 2743.191, but no official name was given to the fund by the statute. This Court in *Johnson I* recognized that the fund was an

appropriate recipient of restitution pursuant to the Ohio Supreme Court's holding in *State v. Bartholemew*. *Johnson, supra* at ¶ 8 citing *Bartholemew*, 119 Ohio St.3d 359, 2008-Ohio-4080, 894 N.E.2d 307. This Court noted that the Ohio Victims of Crime Compensation Program was a reparations fund managed by the Ohio Attorney General. The trial court ordered that the restitution be paid to the Ohio Attorney General's Office "for the benefit of the Ohio Attorney General's Victims of Crime Fund."[2] Even if the name used by the trial court was not the official name of the program, the order is sufficient to notify the Ohio Attorney General's Office as to where the funds should be distributed and to satisfy the debt owed by Johnson. Thus, any error in naming the recipient of the restitution would not be prejudicial. The second assignment of error is overruled.

{¶7} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Logan County is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**

---

[2] A review of the Ohio Attorney General's website refers to the fund as Ohio Victim's Compensation.